THE STATE, EX REL. BUTLER ET AL., APPELLANTS, *v.*
DEMIS, JUDGE, ET AL., APPELLEES.
THE STATE, EX REL. BOWER ET AL., *v.*
DEMIS, JUDGE, ET AL.

(Nos. 80-550 and 80-1272—Decided May 6, 1981.)

*Mr. Edward Emmett O'Farrell* and *Mr. David Worth,* for relators-appellants.

*Mr. Ronald L. Collins,* prosecuting attorney, for respondents-appellees.

KRUPANSKY, J.   It is well established that in order for a writ of mandamus to issue, the relators must show the following:

" '(1)  that they have a clear legal right to the relief prayed for, (2)  that respondents are under a clear legal duty to perform the acts, and (3)  that relators have no plain and adequate remedy in the ordinary course of the law.' " *State, ex rel. Akron Fire Fighters,* v. *Akron* (1978), 54 Ohio St. 2d 448, 450.

If relators have a plain and adequate remedy at law, a writ of mandamus will not issue. However, the question remains whether a plain and adequate remedy at law is available to relators herein. The mere existence of another remedy does not bar the issuance of a writ of mandamus. *State, ex rel. Emmich,* v. *Indus. Comm.* (1947), 148 Ohio St. 658. Relators may have a remedy of appeal, but such a remedy is not *adequate* under the circumstances. If Butler and Bower must wait for an appeal to establish their alleged right to have O'Farrell appointed as their legal counsel, they will be denied the opportunity to have the attorney-client relationship of their own choosing throughout the course of the adjudication and disposition of their cases.

In addition to showing they have no plain and adequate remedy at law, relators must also show a clear legal right to the relief sought, and a clear legal duty on the part of the respondents to perform the act requested. *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6. Absent a clear legal duty imposed upon respondent Judge Demis to appoint counsel chosen by relators, Butler and Bower, the writs of mandamus will be denied. A review of the applicable law reveals no such duty on the part of respondent.

It is unquestioned that relators, as indigent parties to proceedings in which permanent termination of their parental rights is sought, are (1) entitled to counsel, and (2) entitled to counsel appointed for them at county expense. Juv. R. 4(A) unequivocally provides these rights.[1] R. C. 2151.352 also provides indigent parents who are parties to juvenile proceedings with the right to be represented by counsel appointed pursuant to R. C. Chapter 120. Specifically, R. C. 2151.352 provides in part:

"A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120 of the Revised Code. * * * The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120 of the Revised Code."

The issues for determination by this court, therefore, become whether, within R. C. Chapter 120, a clear legal duty is imposed upon the trial court to (1) appoint counsel, and (2) appoint counsel chosen by an indigent party.

Such a clear legal duty, if one exists, can be found only in R. C. 120.33. R. C. Chapter 120 provides for the establishment of state, county and joint county public defender programs, while R. C. 120.33 permits a county to establish an alternate system by which private counsel may be appointed by the

---

[1] Juv. R. 4(A) provides in pertinent part: "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent."

court in lieu of a public defender. R. C. 120.33 provides in pertinent part:

"In lieu of using a county or joint county public defender to represent indigent persons in the proceedings set forth in division (A) of section 120.16 of the Revised Code, the county commissioners of any county may adopt a resolution to pay counsel who are either personally selected by the indigent person or appointed by the court."

R. C. 120.16(A), referred to in R. C. 120.33, establishes the types of proceedings in which a county public defender, and, therefore, private counsel appointed in lieu of the public defender, may be appointed by the court.[2] As to the instant case, the relevant portions of R. C. 120.16(A) provide as follows:

"(1) The county public defender shall provide legal representation to indigent persons charged with the violation of a state statute that is a serious offense as defined in the rules of criminal procedure, and in postconviction proceedings as hereinafter defined.

"* * *

"(3) The county public defender shall represent, when designated by the court, juveniles, other than juveniles charged with the violation of a municipal ordinance, and all other persons, except persons charged with the violation of a municipal ordinance and persons whose competency is being, or is to be, determined by the probate court, in any proceeding, the outcome of which could result in the loss of liberty."

Since R. C. 120.33 provides for the appointment by the court of private counsel in only those proceedings which are specifically provided for in R. C. 120.16(A), the former section alone would not provide relators, Butler and Bower, with the right to court-appointed private counsel; neither relator is charged with a "serious offense" or involved in a proceeding which may result in the loss of liberty. R. C. 2151.352, however, specifically makes all juvenile proceedings, in which a party is found to be indigent, subject to the provisions of

---

[2] R. C. 120.26 provides that a joint county public defender may provide legal representation in the same types of proceedings as a county public defender under R. C. 120.16. R. C. 120.06 provides the scope of representation by a state public defender.

R. C. 120.33. Therefore, where a county has adopted a resolution for appointment of private counsel, the indigent parents of allegedly abused, neglected and dependent children have a right of representation by private counsel appointed pursuant to R. C. 120.33.

Tuscarawas County, in conjunction with Harrison and Carroll Counties, operates a joint county public defender program. Further, the county commissioners of Tuscarawas County have adopted a resolution providing a schedule of recommended fees for court-appointed counsel, in lieu of a public defender, in certain proceedings, including juvenile proceedings. Thus, in the cases *sub judice,* where the joint county public defender is not authorized under R. C. 120.16(A) to represent Butler and Bower, the relators have a right under R. C. 2151.352 and 120.33 to appointed private counsel.

It remains to be seen, however, whether within this latter section a clear legal duty is imposed upon the court to appoint as counsel of record the attorney chosen by relators. Such duty must be found if the writs of mandamus are to issue.

Both the right of indigent parties to appointed counsel contained in R. C. 120.33(A) and the duty of the court to appoint counsel under R. C. 120.33(B) are stated in the alternative. These sections provide:

"(A) In such a county, an indigent person shall have the right to do either of the following:

"(1) To select his own personal counsel to represent him in any proceeding included within the provisions of the resolution;

"(2) To request the court to appoint counsel to represent him in such a proceeding.

"(B) The court having jurisdiction over the proceeding *shall,* after determining that the person is indigent and entitled to legal representation under this section, *do either of the following:*

"(1) By signed journal entry recorded on its docket, enter the name of the lawyer selected by the indigent person as counsel of record;

"(2) Appoint counsel for the indigent person if the person has requested the court to appoint counsel and, by signed journal entry recorded on its dockets, enter the name of the lawyer

appointed for the indigent person as counsel of record." (Emphasis added.)

Readily apparent is the alternative nature of the court's duty under R. C. 120.33(B). While the court may appoint the counsel of an indigent party's choice, the court is not required to do so. Fundamentally, it is the duty of the court to supervise, in an orderly manner, the proceedings before it. In this regard, a judge of the Court of Common Pleas possesses inherent power to regulate the court's proceedings and to supervise the functions of the court. *State, ex rel. Edwards,* v. *Murray* (1976), 48 Ohio St. 2d 303; *State, ex rel. Foster,* v. *Bd. of County Commrs.* (1968), 16 Ohio St. 2d 89; *Zangerle* v. *Court* (1943), 141 Ohio St. 70; *Hale* v. *State* (1896), 55 Ohio St. 210.

The judiciary is a separate and distinct branch of the government, and the administration of justice by the judiciary cannot be impeded by the legislature or the executive branch of the government in the exercise of their respective powers. This court held in the second paragraph of the syllabus in *State, ex rel. Foster,* v. *Bd. of County Commrs., supra,* as follows:

"Courts of general jurisdiction, whether named in the Constitution or established pursuant to the provisions thereof, possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of government. (Paragraph two of the syllabus in *Zangerle* v. *Court of Common Pleas,* 141 Ohio St. 70, approved and followed.)"

More recently the inherent power of courts to perform their basic functions was recognized in *State, ex rel. Edwards,* v. *Murray, supra,* at page 304, wherein it was stated:

"There is no question that the administration of justice by the judicial branch of the government may not be impeded by the other branches of government in the exercise of its powers***."

The principle of the inherent powers of the courts is well settled in the law of this state. As this court stated long ago in *Hale* v. *State, supra,* at page 213:

"The difference between the jurisdiction of courts and their inherent powers is too important to be overlooked. In

constitutional governments their jurisdiction is conferred by the provisions of the constitutions and of statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will. The power to maintain order, to secure the attendance of witnesses to the end that the rights of parties may be ascertained, and to enforce process to the end that effect may be given to judgments, must inhere in every court or the purpose of its creation fails. Without such power no other could be exercised."

It cannot be questioned that the power to supervise the appointment of attorneys to represent indigents is a power necessary to the orderly and efficient exercise of jurisdiction. This is so because the duty to appoint counsel for indigents is imposed upon the courts by the Constitution. *Gideon* v. *Wainwright* (1963), 372 U. S. 335.

This court recently held in *State, ex rel. Heller,* v. *Miller, supra,* that in actions instituted by the state seeking the involuntary termination of parental rights, as in the cases *sub judice,* both the United States and Ohio Constitutions mandate the appointment of counsel for indigent parents. Thus, where an indigent parent appears before a court in such a proceeding, the court cannot constitutionally proceed without first appointing counsel. *Gideon* v. *Wainwright, supra.* The appointment of counsel by the court in such an instance is, therefore, a function of the court necessary to the exercise of its jurisdiction. As such, the appointment of counsel is an inherent power of the court.

The issue whether the courts possess inherent power to appoint counsel is an issue of first impression in this state.[3] The issue, however, has been decided in several jurisdictions. See *Kovarik* v. *County of Banner* (1975), 192 Neb. 816, 224 N.W. 2d 761; *State, ex rel. Fitas,* v. *Milwaukee County* (1974),

---

[3] It was held in *Thurston* v. *Maxwell* (1965), 3 Ohio St. 2d 92, that a trial court's refusal to appoint counsel chosen by an indigent defendant did not deny the defendant his constitutional right to counsel since it was within the court's discretion to appoint counsel of the defendant's choosing. The court in *Thurston,* however, did not address the issue of the inherent power of the trial court.

65 Wis. 2d 130, 221 N.W. 2d 902; *Kaiser* v. *Kaiser* (1941), 310 Ill. App. 390, 34 N.E. 2d 127; *Knox County Council* v. *State, ex rel. McCormick* (1940), 217 Ind. 493, 29 N.E. 2d 405.

In addressing the issue of the power of the courts to appoint counsel to represent an indigent defendant and to compensate counsel therefor, the Supreme Court of Indiana held in *Knox County Council* v. *State, ex rel. McCormick, supra,* at pages 497-498, as follows:

"The Constitution of Indiana requires that a defendant in a criminal case shall be provided with counsel, and failure of the courts to provide competent counsel will prevent a valid conviction.***It follows therefore that where one who is without means is charged with crime, the question of whether he shall have counsel appointed for him has not been left to the discretion of the court or the Legislature. It has been determined by the people in their Constitutions, national and state, that he shall have counsel, and that there can be no legal prosecution of the charge against him unless and until counsel is provided for him. The Constitution of this state vests the judicial power in the courts. The judiciary is an independent and equal coordinate branch of the government. Courts were established for the purpose of administering justice judicially, and it has been said that their powers are coequal with their duties. In other words, they have inherent power to do everything that is necessary to carry out the purpose of their creation. The Constitution contemplates indictment and trial in the courts for crime. It is the duty of the court to see that justice is administered speedily, without delay, and legally, and in conformity to the constitutional mandates. One of these constitutional mandates is that a defendant in a criminal case shall have counsel to represent him. It is the duty of the courts therefore to see to it that he shall have counsel." (Citations omitted.)

Similarly, in *Kaiser* v. *Kaiser, supra,* it was held:

"We have held that attorneys appointed by the court to defend poor persons in criminal actions cannot be required to serve without compensation; that the Constitution requires that such persons shall have counsel; and that courts have inherent power to incur the expense and order compensation for

counsel paid out of county funds." 34 N.E. 2d 127, at page 130.

More recently, in *State, ex rel. Fitas,* v. *Milwaukee County, supra,* at page 134, the Supreme Court of Wisconsin has held:

"We conclude, without difficulty, that the appointment of counsel ought to be made by a judge or under the aegis of the judicial system. Attorneys are officers of the court and the duty to furnish representation derives from constitutional provisions that place the responsibility upon courts. That responsibility has been traditionally discharged by courts."

The Supreme Court of Nebraska followed similar reasoning in *Kovarik* v. *County of Banner, supra,* holding:

"As was indicated by the order of the District Court in this case, it was in observation and compliance with the requirements of the law, as set out in cases decided by the Supreme Court of the United States, that the plaintiff herein was appointed to serve as defense counsel to represent the indigent misdemeanant involved in this case. The administration of justice required that it be done; and although the county court had no statutory authority to make such appointment, we believe that it had the inherent power to make such an appointment.***" (Citations omitted.) *Id.,* at pages 819-820.

Similarly, in *State* v. *Rush* (1966), 46 N.J. 399, 217 A. 2d 441, and *People, ex rel. Conn.,* v. *Randolph* (1966), 35 Ill. 2d 24, 219 N.E. 2d 337, the Supreme Courts of New Jersey and Illinois found their state courts to possess the inherent power to appoint and compensate counsel for the representation of indigents where such appointment or compensation was necessary to the exercise of jurisdiction by the courts.

We find the above authorities and their reasoning persuasive and consistent with the principles of law in Ohio relative to the inherent power of the courts to "secure and safeguard the free and untrammeled exercise of their judicial functions." *State, ex rel. Foster,* v. *Bd. of County Commrs., supra.*

It is clear that in enacting R. C. 120.33 the General Assembly has attempted to provide indigent parties the right to personally select their appointed counsel in order to create a greater equality between such indigent parties and those par-

ties able to afford counsel. The power to appoint counsel reposes in the courts, however, not in the General Assembly or in the parties appearing before the court. The power being inherent in the judiciary, the General Assembly has no power to take it therefrom and place it in the hands of the parties.

Within this court's opinion in *Hale* v. *State, supra,* at pages 214-215, it is stated:

"***In making the constitutional distribution of the powers of government, the people assumed that the several departments would be equally careful to use the powers granted for the public good alone. Accordingly we have the familiar and generally accepted doctrine that none of the several departments are subordinate, but that all are co-ordinate.***The conclusion is a necesssary inference from the very numerous cases in which it has been held that the power inheres in courts independently of legislative authority. A power which the legislature does not give, it cannot take away. If power, distinguished from jurisdiction, exists independently of legislation, it will continue to exist notwithstanding legislation."

In order to preserve, protect and perpetuate the intent and integrity of the Constitution pertaining to the separation of powers among the three branches of government, it is incumbent upon the court to retain the power to appoint counsel under R. C. 120.33 in order to preserve its own internal order. The Constitution reserves the ultimate repository of power in the people; therefore, if the public official, the judge in this instance, abuses his office he can be removed by a vote of the people. However, this result would not follow if we adopted the arguments of relators. The memory of civil disobedience prevalent throughout the 1960's of both client and counsel in the courtroom is ever green.

We hold that the appointment of counsel by the court to represent indigent parties, where such appointment and representation is constitutionally mandated, is a necessary function of the court in the exercise of its jurisdiction. The power to so appoint counsel is therefore an inherent power of the court which cannot be impeded by the General Assembly.

Pursuant to this inherent power, a trial judge may decide not to appoint a particular attorney to represent an indigent

party in a proceeding before the court. The most obvious reason for which a trial judge may refuse to appoint particular counsel is the competency or experience of counsel, a circumstance which the judge is more capable of evaluating. In the present cases, it appears the trial judge believed appointment of a legal services attorney, whose salary is paid by federal tax dollars, would result in double compensation for that attorney, *i.e.,* the attorney would receive his federally funded salary and then, for the same act of representing relators, would receive a fee from the county. Whether the trial judge is correct in his belief, or whether his denial of relators' requests for particular counsel constitutes an abuse of discretion, are not issues before this court upon a writ in mandamus. Respondent Demis, as trial judge, possesses the inherent power to supervise the appointment of counsel. It was therefore within his sound discretion *either* to enter the name of relator O'Farrell in the court's journal as requested by relators, Butler and Bower, under subsection (B)(1) of R. C. 120.33, *or* to disapprove relators' choice of counsel, and appoint different counsel under R. C. 120.33(B)(2).

Where a court has discretion to act, mandamus will not lie to control the exercise of that discretion, even if abused. *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380; R. C. 2731.03. Where a court has discretion to act, its only clear legal duty is to exercise that discretion. Further, mandamus will not issue to control the exercise of inherent power. *State, ex rel. Welsh,* v. *Medical Board* (1945), 145 Ohio St. 74.

Accordingly, we find respondent Judge Demis was under no clear legal duty to enter the name of relator O'Farrell in the court's journal as appointed counsel. Respondent, exercising his discretion, acted pursuant to R. C. 120.33(B)(2), and appointed counsel not of relators' choosing.[4] Respondent therefore fully performed the legal duty imposed upon him by R. C. 120.33. Further, there being no clear legal duty to appoint attorney O'Farrell to represent relators, there is no duty upon respondents, Limbach, Winters, Yelverton and Kinsey, to provide compensation to relator O'Farrell.

---

[4] In case No. 80-1272, relator Bower declined the offer of Judge Demis to appoint an attorney, other than O'Farrell, to represent her.

In case No. 80-550, the judgment of the Court of Appeals denying the writ is affirmed.

In case No. 80-1272, the writ is denied.

*Judgment accordingly.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER, DONOFRIO and C. BROWN, JJ., concur.

KRUPANSKY, J., of the Eighth Appellate District, sitting for W. BROWN, J.

DONOFRIO, J., of the Seventh Appellate District, sitting for HOLMES, J.