THE STATE, EX REL. STARNER ET AL., APPELLEES, *v.*
DEHOFF, JUDGE, ET AL.; YODER LUMBER CO., APPELLANT.

[Cite as State, ex rel. Starner, *v.* DeHoff
(1985), 18 Ohio St. 3d 163.]

(No. 84-1867—Decided July 10, 1985.)

*Scanlon & Gearinger Co., L.P.A., Timothy F. Scanlon, Critchfield,
Critchfield, Critchfield & Johnston* and *David N. Spector,* for appellees.
*Roetzel & Andress, Ronald B. Lee* and *Douglas L. Talley,* for appellant.

*Per Curiam.* In order for a writ of mandamus to issue, relators must establish: (1) that they have a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the requested acts, and (3) that relators have no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus.

In order for a writ of prohibition to issue, relators must establish: (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists. *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 8 [52 O.O.2d 29].

At issue in this action is the propriety of the Stark County court's severance of relators' claims against Yoder and Bird, and the subsequent transfer of venue of the Yoder claim to Holmes County.

There can be no question that Yoder and Bird were proper parties for joinder under Civ. R. 20. In *Ryan* v. *Mackolin* (1968), 14 Ohio St. 2d 213 [43 O.O.2d 326], this court found that when a tort-produced injury is compounded by a subsequent tort, resulting in a single injury, the tortfeasors may be joined in a single action. Hence, the joinder of the claims against Yoder and Bird in the Stark County court was proper.

However, appellant contends that Civ. R. 21 provides the courts with the discretionary power to sever all claims before them, not just those claims which have been misjoined. In support, appellant cites a number of federal cases wherein the courts allowed the severance of claims where no misjoinder existed under Fed. R. Civ. P. 21, which is virtually identical to Civ. R. 21. *Toro Co.* v. *Alsop* (C.A. 8, 1977), 565 F. 2d 998, certiorari denied (1978), 435 U.S. 952; *Wyndham Associates* v. *Bintliff* (C.A. 2, 1968), 398 F. 2d 614, certiorari denied (1968), 393 U.S. 977; *Hess* v. *Gray* (N.D. Ill. 1979), 85 F.R.D. 15; *Thee* v. *Marvin Glass & Associates* (E.D.N.Y. 1976), 412 F. Supp. 1116; *Leesona Corp.* v. *Cotwool Mfg. Corp.* (W.D.S.C. 1962), 204 F. Supp. 139.

Appellant's reliance on federal case law in this instance is misplaced. Each of the above decisions rests on the federal doctrine of *forum non conveniens,* which permits the severance of claims in order to transfer a claim to a more convenient forum. Section 1404(A), Title 28, U.S. Code. In *State, ex rel. Consolidated Rail Corp.,* v. *Gorman* (1982), 70 Ohio St. 2d 274, 275 [24 O.O.3d 362], this court noted that although the states were free to accept or reject the doctrine of *forum non conveniens,* Ohio had neither judicially adopted the doctrine, nor embodied it in any rule or statute.

In regard to appellant's proposed construction of Civ. R. 21, the Staff Notes to this rule state that "Rule 21 provides that the misjoined claim may be severed and proceeded with separately." Such explicit wording conclusively limits the application of Civ. R. 21 to those claims which have been misjoined.

Appellant next asserts that a writ of prohibition should not issue to prevent the Court of Common Pleas of Holmes County from exercising jurisdiction when such court's venue is properly invoked under Civ. R. 3(B).

This proposition is without merit. A review of the record reveals that appellees' original negligence action was properly venued in Stark County on the basis of Bird's residency, place of business, and the fact that the alleged cause of action against Bird occurred in Stark County. Civ. R. 3(B)(1), (2) and (6). Pursuant to Civ. R. 3(E), if venue is proper as to one defendant, then it is proper as to all. Thus, when the action filed in Stark County listed Bird as a defendant, Stark County was a proper venue as to Yoder.

Under the Ohio Rules of Civil Procedure, the only basis for a transfer of venue from a county where the venue is proper is when the transfer is necessary to obtain a fair trial. Civ. R. 3(C)(4). Appellant has made no claim regarding the fairness of Stark County as a forum to hear the action.

In its final proposition of law, appellant maintains that appellees have an adequate remedy in the form of an appeal of Judge DeHoff's orders of severance and transfer.

In examining the adequacy of the above-mentioned appeal, this court must take into consideration the various procedural complications which have arisen as a result of the current posture of the Yoder claim. Once the Stark County court transferred the venue of the Yoder claim to Holmes County, the Holmes County court assumed complete jurisdiction over the cause of action. *Heckler Co.* v. *Napoleon* (1937), 56 Ohio App. 110 [8 O.O. 171], dismissed for want of a debatable constitutional question (1937), 132 Ohio St. 528 [8 O.O. 502].

Further, since a proceeding for a change of venue is not a special proceeding, and since a change of venue order does not determine the action, nor prevent a judgment, a change-of-venue order, pursuant to Civ. R. 3(C)(1), is not a final appealable order and is reviewable only after a final judgment is entered in the case. *Timson* v. *Young* (1980), 70 Ohio App. 2d 239 [24 O.O.3d 309].

As a result, appellees will be unable to appeal the wrongful transfer of venue of the Yoder claim until the Holmes County court renders judgment. This would defeat the entire purpose behind appellees' actions, which is to have these two claims heard together in order to minimize costs and time. Under this court's holdings in *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123 [20 O.O.3d 121], and *State, ex rel. Emmich,* v. *Indus. Comm.* (1947), 148 Ohio St. 658 [36 O.O. 265], an available remedy must be adequate under the circumstances of the case.

In recognition of the foregoing, we find that the Court of Common Pleas of Stark County was without authority to sever and transfer the Yoder claim, and that there is no other available remedy to compel the Stark County court to retain its rightful jurisdiction over the Yoder claim. We further find that the transfer of venue of the Yoder claim was unlawful

and that the availability of an appeal of this action after the Holmes County court has rendered a decision is not an adequate remedy under the circumstances of this case.

Accordingly, we affirm the judgment of the court of appeals allowing the writs of mandamus and prohibition.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.