COMMERCIAL SAVINGS BANK ET AL. *v.*
WYANDOT COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as Commercial Savings Bank *v.*
Wyandot Cty. Court of Common Pleas (1988),
35 Ohio St. 3d 192.]

(No. 87-1631—Decided February 24, 1988.)

*Burson & Beck, Paul A. Burson, Linden J. Beck* and *Bruce J. Beck,* for relators.

*William J. Walton, Joyce D. Walton, Frederick W. Walton, Stephan W. Walton* and *Jonathan S. Walton,* respondents, *pro se.*

*Per Curiam.* In order for a writ of prohibition to issue, relators must establish: (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists. *State, ex rel. Starner,* v. *DeHoff* (1985), 18 Ohio St. 3d 163, 164, 18 OBR 219, 220, 480 N.E. 2d 449, 450; *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 8, 52 O.O. 2d 29, 30, 260 N.E. 2d 827, 828.

Further, this court has allowed a writ of prohibition when a party has engaged in a continuing and vexatious abuse of the judicial process. *State, ex rel. Stark,* v. *Summit Cty. Court of Common Pleas* (1987), 31 Ohio St. 3d 324, 31 OBR 599, 511 N.E. 2d 115.

The record here clearly indicates that the Waltons have engaged in a continuing and vexatious abuse of process. Respondents, either separately or in groups, have filed, one after the other, complaints in "trespass" et al. which, except for the name of the plaintiff, seek the same or related relief. Likewise, the filing and re-filing of "common law" liens by respondents, as well as numerous challenges to nearly every elected and appointed judge involved in the various underlying cases, establish that the Waltons are attempting to use the legal system to both harass the relators and stall the judicial process.

Relators have established that they are entitled to a writ of prohibi-

tion preventing the Waltons from further abusing the judicial process. However, relators also request that this court issue a writ of prohibition directing the respondent court of common pleas to accept no further filings from the Waltons in case Nos. 86-CV-46 and 86-CV-53, and an injunction against the Waltons from filing any such future lawsuits. Neither of these requests may be granted.

A writ of prohibition may be allowed only where a court is about to exercise its power. *State, ex rel. Starner, supra.* Even where a party is engaged in a vexatious abuse of judicial process, this court will only prohibit a court from proceeding where there is a case pending before that particular court. *Id.* Accordingly, this court will not issue a writ of prohibition to prevent some future action from being filed.[1]

This court cannot issue an injunction prohibiting the Waltons from filing future actions because this court does not have original jurisdiction in injunction. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph four of the syllabus.

Accordingly, a writ will issue prohibiting the Court of Common Pleas of Wyandot County from proceeding in any legal actions which have been or may be filed arising from the legal and factual issues involved in either case No. 86-CV-46 or 86-CV-53 until any and all lawful appeals of these issues have been exhausted.[2]

*Writ allowed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[1] We note in passing that such a procedure might also conflict with Section 16, Article I, Ohio Constitution, which provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law * * *."

[2] Further abuse of process by respondents William J. Walton, Joyce D. Walton, Frederick W. Walton, Stephan W. Walton and Jonathan S. Walton may result in appropriate sanctions against such parties by this court.