THE STATE, EX REL. FYFFE ET AL., *v.* PIERCE, JUDGE.

[Cite as State, ex rel. Fyffe, *v.* Pierce (1988), 40 Ohio St. 3d 8.]

(No. 88-929—Submitted September 20, 1988—Decided November 30, 1988.)

*Kincaid, Cultice & Geyer* and *Peter N. Cultice,* for relator Fyffe.

*Norman Davitt,* county public defender, for relator McVay.

*William M. Owens,* prosecuting attorney, and *Brent W. Shenk,* for respondent.

*Frase, Weir, Baker & McCullough Co., L.P.A., Eugene R. Weir* and *R. Q. Baker III,* urging denial for *amicus curiae,* The Tribune.

*Per Curiam.* "In order for a writ of prohibition to issue, relators must establish: (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." *Commercial Savings Bank* v. *Court of Common Pleas* (1988), 35 Ohio St. 3d 192, 193, 519 N.E. 2d 647, 648-649.

Relators nowhere allege that they lack an adequate remedy at law. Accordingly, the writ cannot issue.

Assuming that relators had made allegations sufficient to state a claim in prohibition, respondent's denial of their motion was authorized by law. R.C. 2151.35 and Juv. R. 27 both provide: "* * * [I]n the hearing of any case, the general public may be excluded * * *." The word "may" is clearly not mandatory; therefore, the court was not required to close the hearing, but could exercise its discretion. Although relators argue that, by not closing the hearing, the court violated their constitutional rights, this contention goes to the merits of the ruling. It therefore cannot be considered in this prohibition action. *State, ex rel. Celebrezze,* v. *Court* (1979), 60 Ohio St. 2d 188, 190, 14 O.O. 3d 441, 442, 398 N.E. 2d 777, 779.

Moreover, relators do not lack an adequate remedy at law. If tried as adults, they can move for change of venue to alleviate any unfairness that pretrial publicity may cause. If change of venue is denied, and relators are subsequently convicted, they can appeal.

For the foregoing reasons, prohibition will not lie. We therefore deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., concurs in judgment only.