THE STATE, EX REL. KIRTZ, APPELLANT, v. CORRIGAN, JUDGE, APPELLEE.

[Cite as *State, ex rel. Kirtz, v. Corrigan* (1991), 61 Ohio St.3d 435.]

(No. 90–1303—Submitted May 6, 1991—Decided August 14, 1991.)

*Russell R. Kirtz, pro se.*

*Daniel O. Corrigan,* Judge, *pro se.*

---

*Per Curiam.* We adopt the decision of the court of appeals journalized May 22, 1990, attached as an appendix to this opinion, and affirm its judgment for the reasons stated therein.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurring. I concur with the majority opinion but write separately to stress that this is the second appeal in what appears to be a wholly unjustified attack on the respondent in this case. There is no question that relator is directly attacking what has always been a purely discretionary act by the trial court. If relator has some problem with this trial judge's

pursuit of his duties, he should file his complaint with an appropriate body, not clog the system with unwarranted litigation.

## APPENDIX

Krupansky, Presiding Judge.

In this action in mandamus and prohibition, relator avers in his complaint as follows:

He is an attorney admitted to practice law in Ohio and respondent is a judge of the Court of Common Pleas for Cuyahoga County. Complaint, pars. 1 and 2. For approximately three years preceding the filing of the complaint, relator had also been on the list of approved trial counsel maintained by the Administrative Judge pursuant to Cuyahoga County Court of Common Pleas Loc.R. 33. Complaint, par. 7. Common Pleas Loc.R. 33 establishes a list of approved attorneys from among whom assignments to criminal cases are ordinarily made.

On March 17, 1988, the arraignment room judge assigned relator to serve as defense counsel in *State v. Linda Ezell,* Cuyahoga County Court of Common Pleas Case No. CR–223752. Complaint, par. 8. On March 28, 1988, however, respondent's bailiff informed relator that respondent had removed relator as counsel for Ms. Ezell. Complaint, par. 10. Respondent had removed relator as counsel on two previous occasions within the previous two years. Complaint, par. 13. All of these removals were without explanation. Complaint, par. 13.

When respondent was arraignment room judge during August 1987, December 1986 and October 1985, respondent assigned from six to eleven cases to each of eight attorneys. Complaint, par. 15. Respondent assigned most of the other counsel on the list three times or less. Complaint, par. 16. Respondent did not assign relator as counsel for any indigent defendants while respondent was arraignment room judge during August 1987, December 1986 and October 1985. Complaint, par. 17.

Relator, in his prayer for relief, prays as follows:

"A. That a [*sic*] Alternative Writ be issued, directing Respondent to assign Relator as attorney for defendant in *State v. Linda Ezell,* Cuyahoga County Court of Common Pleas case number CR 223752, forthwith, or appear before this Court at a specified time and show cause why Respondent has not done so.

"B. That a Writ of Mandamus be issued, directing Respondent to assign Relator as attorney for defendant in *State v. Linda Ezell,* Cuyahoga County Court of Common Pleas case number CR 223752.

"C. That a Writ of Prohibition be issued, restraining Respondent from removing Relator as assigned counsel for indigent defendants who appear in Respondent's court, except 'in the interest of justice and on special occassion' [*sic*] as that term is used in Local Rule 33.

"D. That a Writ of Prohibition be issued, restraining Respondent when Respondent is Arrignment [*sic*] Judge, from assigning attorneys to represent indigent defendants, except by the procedures set forth in Local Rule 33.

"E. Award costs."

By entry dated May 4, 1988, this court *sua sponte* dismissed this action for failure to state a claim upon which relief can be granted. In *State, ex rel. Kirtz, v. Corrigan* (1989), 47 Ohio St.3d 45 [546 N.E.2d 1327], however, the Supreme Court found that relator had stated a claim for relief and both reversed this court's judgment and remanded this action to this court for further proceedings.

Respondent has filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. * * * In support of his Motion for Summary Judgment, respondent has submitted a copy of the docket in the Ezell case, in which the defendant pled guilty to one count and was sentenced by respondent. Respondent has also filed various affidavits which state that relator exhibited unprofessional conduct in March, 1987 during pretrial proceedings in a criminal matter (*State v. Janet L. Baron*, Cuyahoga County Court of Common Pleas Case No. CR–212692B) assigned to respondent. Relator through his own affidavit contradicts the assertions that he was "loud," "belligerent," "obnoxious," *etc.*

Relator also has filed copies of what purport to be portions of the treasurer's report of the 1984 campaign committee formed on respondent's behalf. Relator contends that these reports, in conjunction with information regarding attorneys whom respondent had repeatedly assigned, demonstrate that respondent "trade[d] cases for cash." Relator's Brief in Support of Motion to Continue Ruling on Respondent's Motion for Summary Judgment, at page 1. Respondent argues, however, that relator has excluded from the copies of reports the names of other attorneys who did not receive assignments. Respondent has also filed copies of reports from the 1986 campaign committee of a former member of the court of common pleas who had assigned relator as counsel on at least five occasions between April, 1986 and August, 1986. Respondent also submitted along with this information financial reports of the former judge showing relator had contributed to that judge's campaign for election both in the primary and general election.

Loc.App.R. 1(B) provides:

"The Rules of Civil Procedure, and applicable statutes, *including costs*, as supplemented by these rules, shall govern procedure in original actions filed in this court." See also Loc.App.R. 8(B)(1). Clearly, the Rules of Civil Procedure apply in original actions in mandamus and prohibition which are filed in this court.

Civ.R. 56(C) sets forth the standard for determining motions for summary judgment and provides in part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Admittedly, the evidence presented by relator and respondent is patently conflicting with regard to the propriety of relator's conduct during pretrial proceedings in *Baron*. These facts are not, however, material as required by Civ.R. 56(C), since the controversy herein is whether a writ of mandamus and/or prohibition should issue.

The fundamental criteria for issuing a writ of mandamus are well-established:

"In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. National City Bank, v. Bd. of Education* (1977), 52 Ohio St.2d 81 [6 O.O.3d 288, 369 N.E.2d 1200]." *State, ex rel. Harris, v. Rhodes* (1978), 54 Ohio St.2d 41, 42 [8 O.O.3d 36, 37, 374 N.E.2d 641, 641]. Of course, all three of these requirements must be met in order for mandamus to lie.

Relator requests relief in mandamus solely with regard to his being assigned as counsel in *Ezell*. Yet, as was noted above, Ms. Ezell has already pleaded guilty and respondent has sentenced her. Relator's request for relief in mandamus is, therefore, moot.

Furthermore, even if *Ezell* were still pending, relator has not set forth any authority for the proposition that he would have a clear legal right to being

reinstated as counsel for Ms. Ezell. Likewise, he has not established that respondent would have a clear legal duty to reinstate him.

Relator's claim in mandamus fails for other reasons. R.C. 2731.03 provides:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion." In *State, ex rel. Butler, v. Demis* (1981), 66 Ohio St.2d 123 [20 O.O.3d 121, 420 N.E.2d 116], the trial court had refused to assign as counsel the attorney of the defendant's choosing. The Supreme Court stated:

"We hold that the appointment of counsel by the court to represent indigent parties, where such appointment and representation is constitutionally mandated, is a necessary function of the court in the exercise of its jurisdiction. * * *.

"Pursuant to this inherent power, a trial judge may decide not to appoint a particular attorney to represent an indigent party in a proceeding before the court. The most obvious reason for which a trial judge may refuse to appoint particular counsel is the competency or experience of counsel, a circumstance which the judge is more capable of evaluating. * * * Respondent Demis, as trial judge, possesses the inherent power to supervise the appointment of counsel. * * *

"Where a court has discretion to act, mandamus will not lie to control the exercise of that discretion, even if abused. *State, ex rel. Sawyer, v. O'Connor* (1978), 54 Ohio St.2d 380 [8 O.O.3d 393, 377 N.E.2d 494]; R.C. 2731.03. Where a court has discretion to act, its only clear legal duty is to exercise that discretion. *Further, mandamus will not issue to control the exercise of inherent power. State, ex rel. Welsh, v. Medical Board* (1945), 145 Ohio St. 74 [30 O.O. 287, 60 N.E.2d 620]." *Butler, supra*, 66 Ohio St.2d at 132–133 [20 O.O.3d at 127, 420 N.E.2d at 122], (emphasis added).

Relator argues, however, that Crim.R. 44 and Cuyahoga County Court of Common Pleas Loc.R. 33 limit respondent's ability to assign counsel. Crim.R. 44, however, merely articulates a defendant's right to receive or waive counsel. Cuyahoga County Court of Common Pleas Loc.R. 33 requires that the judge assigned to the Arraignment Room assign counsel to represent indigent defendants who are not represented by the public defender. Prior to being assigned, counsel must be on a list of approved attorneys which is maintained by the Administrative Judge. The court is to remove from the list the name of an attorney who is assigned a case until there are five names remaining on the list. Nevertheless, Cuyahoga County Court of Common Pleas Loc.R. 33 also provides:

*"If in the interests of justice and on special occasion the arraigning or trial judge determines that the appointment of a particular lawyer is necessary for a fair determination of a case, he may assign that lawyer* even though he is not eligible, having been previously assigned, but his name shall be removed from the next available [assignment] list." (Emphasis added.) Clearly, Cuyahoga County Court of Common Pleas Loc.R. 33 does not eliminate the inherent power and discretion of the trial judge to assign counsel. In as much as respondent's reassignment of trial counsel was a matter within his discretion, mandamus does not lie.

We are required to reach this conclusion regardless of any conflict which may exist between the materials supplementing respondent's Motion for Summary Judgment and relator's brief in opposition. That is, having acted in a manner which is within his discretion, it would be error for this court to grant relief in mandamus. In *State, ex rel. Ney, v. Niehaus* (1987), 33 Ohio St.3d 118, 119 [515 N.E.2d 914, 916], the Supreme Court stated:

"It is well-established that when a court has discretion to act, its only duty is to exercise that discretion. *State, ex rel. Butler, v. Demis* (1981), 66 Ohio St. 123, 20 O.O.3d 121, 420 N.E.2d 116. Although a writ of *mandamus* may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, R.C. 2731.03, it *may not control judicial discretion, even if such discretion is grossly abused.* R.C. 2731.03; *State, ex rel. Sawyer, v. O'Connor* (1978), 54 Ohio St.2d 380, 8 O.O.3d 393, 377 N.E.2d 494." (Emphasis added.)

Although Civ.R. 56(C) requires that we construe the evidence most strongly in favor of relator, the evidence is not relevant to the issue of whether respondent had discretion to act. At best, the evidence put forth by relator would address the issue of whether respondent had abused his discretion. Under *Ney*, however, that determination would not affect the disposition of relator's claim in mandamus.

Accordingly, summary judgment is entered in favor of respondent on relator's claim in mandamus.

Relator has also requested relief in prohibition.

"The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State, ex rel. McKee, v. Cooper* (1974), 40 Ohio St.2d 65 [69 O.O.2d 396, 320 N.E.2d 286], paragraph one of the syllabus;

*Bobb v. Marchant* (1984), 14 Ohio St.3d 1, 3 [14 OBR 1, 2, 469 N.E.2d 847, 849]. See, also, *State, ex rel. Johnson, v. Perry County Court* (1986), 25 Ohio St.3d 53, 58 [25 OBR 77, 81, 495 N.E.2d 16, 21]; *Tilford v. Crush* (1988), 39 Ohio St.3d 174, 176 [529 N.E.2d 1245, 1246]; *State, ex rel. Tollis, v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 147 [532 N.E.2d 727, 729].

Relator requests that this court issue a writ of prohibition to prevent respondent from removing relator as assigned counsel "except 'in the interest of justice and on special occassion' [*sic*] as that term is used in Local Rule 33" and "when Respondent is Arrignment [*sic*] Judge, from assigning attorneys to represent indigent defendants, except by the procedures set forth in Local Rule 33." Complaint, *ad damnum* clause. Relief in prohibition is not available, however.

In *Commercial Savings Bank v. Wyandot Cty. Court of Common Pleas* (1988), 35 Ohio St.3d 192 [519 N.E.2d 647], the relators were parties who had been attempting to enforce judgments against William J. Walton and his wife, Joyce D. Walton. William and Joyce Walton as well as their three sons were respondents in *Commercial Savings Bank*. The Waltons had, *inter alia*, individually or collectively filed various "common law" liens against Commercial Savings Bank and instituted at least five separate actions against various judges. Given these circumstances, the Supreme Court observed:

"A writ of prohibition may be allowed only where a court *is about to exercise its power. State, ex rel. Starner,* [*v. DeHoff* (1985), 18 Ohio St.3d 163, 164, 18 OBR 219, 220, 480 N.E.2d 449, 450], *supra*. Even where a party is engaged in a vexatious abuse of judicial process, *this court will only prohibit a court from proceeding where there is a case pending before that particular court. Id.* Accordingly, this court will not issue a writ of prohibition to prevent some future action from being filed." (Emphasis added; footnote deleted.) [35 Ohio St.3d at 194, 519 N.E.2d at 649.] As was mentioned above, however, *Ezell* is no longer pending and there is no case presently pending before respondent with respect to which this court could issue a writ of prohibition. This court cannot provide relief in prohibition with regard to future proceedings. The nature of relator's request for relief, therefore, is a sufficient basis for entering judgment in favor of respondent.

An additional basis for denying relief in prohibition is demonstrated by *State, ex rel. Fyffe, v. Pierce* (1988), 40 Ohio St.3d [8] [531 N.E.2d 673]. In *Fyffe*, relators were juveniles. The state had filed a motion before respondent judge requesting that relators be tried as adults. Respondent held a hearing pursuant to Juv.R. 30(A) and found probable cause. Pursuant to Juv.R. 30(B), respondent then scheduled a second hearing to determine whether jurisdiction

should be transferred. Relators moved to exclude the news media and the public from the second hearing. Respondent denied the motion and relators commenced an original action in prohibition in the Supreme Court to "prevent respondent from 'opening the second hearing.'" *Fyffe, supra,* at page 9 [531 N.E.2d at 674]. The Supreme Court denied the writ and observed:

"R.C. 2151.35 and Juv.R. 27 both provide: ' * * * [I]n the hearing of any case, the general public may be excluded * * *.' The word 'may' is clearly not mandatory; therefore, the court was not required to close the hearing, but could exercise its discretion. Although relators argue that, by not closing the hearing, the court violated their constitutional rights, this contention goes to the merits of the ruling. It therefore cannot be considered in this prohibition action. *State, ex rel. Celebrezze, v. Court* (1979), 60 Ohio St.2d 188, 190, 14 O.O.3d 441, 442, 398 N.E.2d 777, 779." *Id.*

Similarly, respondent in this action had discretion to exercise the inherent power of the court to appoint or remove counsel "in the interests of justice and on special occasion." Cuyahoga County Court of Common Pleas Loc.R. 33. Although relator argues that Cuyahoga County Court of Common Pleas Loc.R. 33 limits this discretion, Loc.R. 33 actually reinforces the fact that the trial judge has discretion with regard to appointing counsel. As was noted above, Cuyahoga County Court of Common Pleas Loc.R. 33 provides, in part:

"If in the interests of justice and on special occasion *the* arraigning or *trial judge* determines that the appointment of a particular lawyer is necessary for a fair determination of a case, he *may assign* that lawyer * * *." (Emphasis added.) Obviously, Cuyahoga County Court of Common Pleas Loc.R. 33 permits the trial judge to select a particular attorney to represent an indigent defendant. Respondent's action in making such a selection is not, therefore, unauthorized by law. The same analysis applies in this case as applied in *Fyffe, supra.* We are required, therefore, to conclude that one of the conditions necessary to support the issuance of a writ of prohibition does not exist in this action.

Accordingly, summary judgment is entered in favor of respondent on relator's claim in prohibition.

Relator has also filed Motions to Compel Discovery, to Continue Ruling on Respondent's Motion for Summary Judgment, and for Leave to File Reply Brief in Support of Relator's Motion to Compel Discovery. The Motion for Leave to File Reply Brief Instanter in Support of Relator's Motion to Compel Discovery is granted.

Relator states that he wishes to obtain discovery "on how Respondent used his position to repay election favors" [1]; relator further states that he wishes to use the Motions to Continue Ruling on Respondent's Motion for Summary Judgment and for Leave to File Reply Brief in Support of Relator's Motion to Compel Discovery for that purpose. As our analysis of respondent's Motion for Summary Judgment demonstrates, however, this discovery is not relevant to the determinative issues in this action. Accordingly, relator's Motions to Compel Discovery and to Continue Ruling on Respondent's Motion for Summary Judgment are denied as moot. Relator to pay costs.

*Writs denied.*

PATTON, C.J., and DAVID T. MATIA, J., concur.

---

1. Relator's Brief in Support of Motion to Continue Ruling on Respondent's Motion for Summary Judgment, at page 2.