OPINION AND JUDGMENT ENTRY
This matter is before the court on the complaint of relator, Gene A. Kreps, who requests that the court issue writs of mandamus, procedendo, and prohibition against four judges of the Lucas County Court of Common Pleas: Hon. Robert G. Christiansen, Hon. William J. Skow, Hon. Francis C. Restivo, and Hon. Thomas J. Osowik.
Kreps' complaint is divided into three sections. The first portion concerns a case he initiated on January 23, 1997 in the Lucas County Court of Common Pleas (No. CI-97-1934). Judge Christensen was assigned to hear the case. In his complaint, Kreps alleged causes of action arising out of the litigation of a prior case initiated in the Toledo Municipal Court (No. CVE93-02464). Judge Christensen granted summary judgment to the defendants in the 1997 case. This court dismissed an appeal from that decision because it was not a final, appealable order. The court had not yet resolved a pending counterclaim.
Meanwhile, Kreps also filed an identical action in federal court, adding Judge Restivo and Judge Christiansen as defendants. This case was dismissed by the federal trial court, and an appeal is pending.
More recently, a motion for sanctions was filed against Kreps in the 1997 Lucas County Court of Common Pleas case. The motion was granted and a hearing was scheduled to determine damages and attorneys' fees and costs.
In the first part of Kreps original action, he seeks a writ of mandamus to compel Judge Christiansen to set aside the sanction order on the grounds that the court lacked jurisdiction and denied him due process. He also asserts that the federal case preempts any further action in the state case.
Kreps also seeks a writ of prohibition against Judge Christiansen to prevent him from taking any further actions which are designed to oppress Kreps and conceal the felonious conduct and overt actions of the defendants named in the federal suit.
The second part of Kreps' original action concerns a case he filed in the Toledo Municipal Court in 1993. He contends that the defendants in that case illegally prevented him from obtaining an evidentiary hearing or new trial regarding Judge Weiher and the attorney who represented the defendants in that case and their "fraudulent conduct * * * related to Mob activity" as alleged in the federal suit now pending appeal.
Judge Restivo and Judge Osowik entered judgments in the 1993 Municipal Court case on February 12, 1997, October 20, 1998, and May 4, 1999. Kreps asserts that the court no longer had jurisdiction over this case because the monetary claims exceeded Fifty Million Dollars; he was denied due process regarding the matters resolved by these judgment entries; and these judges lacked authority to render a judgment while Kreps' "Affidavit of Disqualification" of Judge Restivo was pending before Judge Skow. Kreps seeks a writ of prohibition against Judge Restivo and Judge Osowik ordering them to refer all matters to the Lucas County Court of Common Pleas and set aside all prior orders rendered by them after his "Affidavit of Disqualification" was filed.
The third part of Kreps' original action concerns his "Affidavit of Disqualification" of Judge Restivo pending before Judge Skow. This motion was filed on October 26, 1998 in case No. CVE 93-02464. Kreps seeks a writ of procedendo directing Judge Skow to rule on the motion.
"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. Procedendo is an order from a superior court to a lower court directing the lower court to proceed to judgment. State ex rel.Ratliff v. Marshall (1972), 30 Ohio St.2d 101, 102. While both a writ of mandamus and procedendo are appropriate remedies "when a court either refuses to render a judgment or has unnecessarily delayed proceeding to judgment," procedendo is the more appropriate remedy since it was designed solely for this purpose.State ex rel. Watkins v. Eight District Court of Appeals (1998),82 Ohio St.3d 532, 534-535; State ex. rel. Dehler v. Sutula
(1995), 74 Ohio St.3d 33, 35, quoting State ex rel. Levin v.Sheffield Lake (1994), 70 Ohio St.3d 104, 110; and R.C. 2731.03. Prohibition is an extraordinary writ to prevent a court from proceeding in a case in which it seeks to exercise jurisdiction which it does not have under the law. State ex rel. Tempero v.Colopy (1962), 173 Ohio St. 122, paragraph two of the syllabus. Thus, it is a prospective remedy and cannot be used to review an act already performed. State ex rel. Stefanick v. Municipal Court
(1970), 21 Ohio St.2d 102, 104.
The writ of mandamus is an extraordinary writ and, therefore, is only available where the court finds "that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." State ex rel. Westchester Estates, Inc. v. Bacon (1980),61 Ohio St.2d 42, paragraph one of the syllabus. See, also R.C. 2731.05. Likewise, a writ of procedendo, as an extraordinary writ, is only available if the relator has a "clear right to relief" and that he has "no adequate remedy at law. * * *"State ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104,106. To obtain a writ of prohibition, a relator must establish that: "(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." State ex rel. Fyffe v. Pierce (1988),40 Ohio St.3d 8, 9, quoting Commercial Savings Bank v. Court ofCommon Pleas (1988), 35 Ohio St.3d 192, 193.
This court is authorized to dismiss a complaint for an extraordinary writ of mandamus, procedendo, or prohibition if it is legally insufficient on its face because it is frivolous or the relator cannot prevail on the facts alleged. State ex rel. Jonesv. Garfield Hts. Mun. Court (1997), 77 Ohio St.3d 447, 448.
Kreps is not entitled to a writ of mandamus to compel Judge Christiansen to set aside the sanction order because Kreps has an adequate remedy by way of appeal. He is not entitled to a writ of prohibition against Judge Christiansen to prevent him from allegedly committing any actions to oppress Kreps and conceal the felonious conduct and overt actions of the defendants named in the federal suit because there are adequate remedies at law to obtain relief. Kreps is not entitled to a writ of prohibition against Judge Restivo and Judge Osowik because Judge Restivo did not act in the case after the "Affidavit of Disqualification" was filed, and there is no basis for preventing Judge Osowik from proceeding in the case. Finally, Kreps is not entitled to a writ of procedendo against Judge Skow regarding the "Affidavit of Disqualification" because Judge Restivo's resignation from the case rendered the affidavit moot. Judge Restivo's last order in the case was journalized on October 20, 1998, six days prior to the filing of Kreps' affidavit, although he did not journalize an order removing himself from the case until June 25, 1999.
Having found that there is no basis upon which Kreps is entitled to the issuance of any extraordinary writ, his complaint is dismissed. Costs are assessed to Kreps.
It is so ordered.
 WRIT DISMISSED.
_______________________________ Peter M. Handwork, P.J. JUDGE
 _______________________________ James R. Sherck, J. JUDGE
 _______________________________ Richard W. Knepper, J. JUDGE
CONCUR.