DECISION AND JUDGMENT ENTRY
By a judgment entry dated July 12, 2000 we issued an alternative writ ordering respondent, Judge Ruth Ann Franks, to either do the act requested by relator, Gregory T. Howard, in his complaint for a writ of prohibition and/or mandamus or file an answer to the complaint or a motion to dismiss. Respondent has filed an answer and a motion for judgment on the pleadings. Relator opposes the motion.
In his complaint, relator contends that respondent is presiding over case No. CI99-4133 pending in the Lucas County Court of Common Pleas. In that case, the plaintiff was the attorney who represented the defendants in another action initiated by relator in the Toledo Municipal Court. The plaintiff contended that relator is a vexatious litigator under R.C.2323.52. Relator attempted to remove this case to federal court on February 7, 2000, on the ground that it was filed in order to harass him. However, that court remanded the case back to the Lucas County Court of Common Pleas on February 25, 2000. Meanwhile, on January 26, 2000, relator filed a motion to dismiss the vexatious litigator action pending in the Lucas County Court of Common Pleas. The motion was denied on March 31, 2000, as well as relator's "motion for reconsideration." In April 2000, the plaintiff in the pending action filed a motion to compel which was granted by the trial court on May 22, 2000. In May 2000, relator filed a motion for summary judgment and motion to vacate judgment, which have not yet been ruled upon by the court. In order for a writ of prohibition to issue, relator must establish that: "(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." State ex rel. Fyffe v. Pierce (1988), 40 Ohio St.3d 8,9, quoting Commercial Savings Bank v. Court of Common Pleas (1988),35 Ohio St.3d 192, 193; and State ex. rel. Rootstown Sch. Dist. Bd.of Ed. v. Portage County Court of Common Pleas (1997),78 Ohio St.3d 489, 491.
The writ of mandamus is also an extraordinary writ and, therefore, is only available where the court finds "that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law."State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.
(1987), 31 Ohio St.3d 251, 253, quoting State ex rel. WestchesterEstates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus; R.C. 2731.05; and State ex rel. Fattlar v. Boyle
(1998), 83 Ohio St.3d 123, 125.
Loc.App.R. 6 provides that all original actions shall proceed pursuant to the Rules of Civil Procedure. Under Civ.R. 12(C), judgment may be entered based upon the pleadings if it appears beyond a doubt from the complaint and answer that the relator cannot prove the facts necessary to warrant the relief sought. State ex rel. Lee v. Trumbull Cty Probate Court (1998),83 Ohio St.3d 369, 372, and State ex rel. Findlay Publishing Co.v. Hancock Cty. Bd. of Commrs. (1997), 80 Ohio St.3d 134, 136.
In this original action, relator contends that respondent unlawfully ruled upon his and plaintiff's motions in the underlying action. However, he failed to set forth any facts to support this claim. In her motion for judgment on the pleadings, respondent asserts that relator has failed to state a claim upon which relief can be granted. We agree. Since the federal court remanded the vexatious litigator action to the Lucas County Court of Common Pleas, respondent did not lack jurisdiction to rule on any pending motions. If relator is contending that respondent erred in ruling on the above-mentioned motions, he has an adequate remedy at law by way of appeal.
Respondent's motion for judgment on the pleadings is hereby granted. This original action is ordered dismissed at relator's costs. It is so ordered.
Peter M. Handwork, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.