DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court upon the motion of respondent, Francis X. Gorman, for dismissal of the remaining claim in relator's complaint for a writ of prohibition. Also before the court is relator's motion for appointed counsel.
 {¶ 2} There is no right to appointed counsel for collateral attacks in criminal proceedings. Ross v. Moffitt (1974), 417 U.S. 600
and State v. Peterson (1976), 46 Ohio St.2d 425, 430-431. Relator's motion for appointed counsel is denied.
 {¶ 3} "In order for a writ of prohibition to issue, [relator] must establish (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists."State ex rel. Fyffe v. Pierce (1988), 40 Ohio St.3d 8, 9, quotingCommercial Savings Bank v. Court of Common Pleas (1988), 35 Ohio St.3d 192,193.
 {¶ 4} Respondent argues in his motion to dismiss that relator has an adequate remedy by way of appeal of his sentence.
 {¶ 5} Relator alleged in his application for a writ of prohibition that on August 12, 2002, he was convicted of two offenses and sentenced. He was released from jail on August 13, 2002. Another trial was scheduled with respect to another charge for August 27, 2002. On August 21, 2002, relator was informed that Judge Gorman had ordered relator to appear for a hearing on August 22, 2002. Relator suspected that Judge Gorman was going to put him in jail to ensure relator's appearance for the August 27, 2002 trial. Relator had a surgery scheduled for August 27, 2002 and had told Judge Gorman that he did not intend to miss his surgery.
 {¶ 6} Upon a review of the alleged facts, it is clear that at the time relator filed his application for a writ of prohibition, relator believed that he was about to be imprisoned but did not have evidence to substantiate his claim. Furthermore, since relator was free on bail pending trial on the criminal trespass charges, he has failed to establish that Judge Gorman lacked jurisdiction to revoke his bond. Therefore, we find that relator has failed to allege facts sufficient to establish that Judge Gorman was about to unlawfully exercise judicial jurisdiction over him.
 {¶ 7} Respondent's motion to dismiss is found well-taken. This original action is hereby ordered dismissed. Costs are assessed to relator.
ORIGINAL ACTION DISMISSED.
Peter M. Handwork, J., Richard W. Knepper, J. and Mark L.Pietrykowski, P.J. CONCUR.