DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the complaint of relator, Alfred J. "AJ" Borkowski, who requests that the court issue writs of prohibition and procedendo against Judge Robert C. Pollex sitting by assignment in the Fulton County Common Pleas Court and Judge James E. Barber of the Fulton County Common Pleas Court.
 {¶ 2} Relator was named as a defendant in a quiet title action filed on December 5, 2001, in the Fulton County Court of Common Pleas. The case was originally assigned to Judge Barber. In January 2002, Judge Barber issued a judgment entry recusing himself due to a conflict of interest. On February 4, 2002, the Chief Justice of the Ohio Supreme Court assigned Judge Pollex to preside over the case. Relator now seeks orders from this court vacating a court order that authorized service by publication and vacating a default judgment. In addition relator seeks orders from this court prohibiting Judge Barber from exercising authority, prohibiting Judge Pollex from rendering summary judgment and an order directing Judge Pollex to rule on relator's pending motions.
 {¶ 3} A writ of procedendo, as an extraordinary writ, is only available if the relator has a "clear right to relief" and that he has "no adequate remedy at law. * * *" State ex rel. Levin v. Sheffield Lake
(1994), 70 Ohio St.3d 104, 106. To obtain a writ of prohibition, a relator must establish: "(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." State ex rel. Fyffe v. Pierce (1988), 40 Ohio St.3d 8,9, quoting Commercial Savings Bank v. Court of Common Pleas (1988),35 Ohio St.3d 192, 193.
 {¶ 4} "Where a relator's petition addresses only alleged procedural deficiencies occasioned by the presiding judge's reassignment of a case from one judge of a division to another, the petition is not well taken because the relator has an adequate remedy at law, by way of an appeal, to challenge the deficiencies." State ex. rel. rel Estate ofGoddard v. Niehaus (March 6, 1998), Hamilton App. No. C-970305, unreported. Finding that relator in this case has an adequate remedy at law, by way of an appeal, relator's complaint is dismissed at his costs. It is so ordered.
WRIT DISMISSED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.