NATIONWIDE MUTUAL INSURANCE COMPANY ET AL., APPELLEES, *v.* WYMER ET AL., APPELLANTS.

(No. 86AP-175 — Decided October 9, 1986.)

Dennis P. Wirtz, for appellees.
Ruth F. Ross, for appellants.
Robin S. Smith, guardian ad litem.

STRAUSBAUGH, J. Defendant Nancy L. Wymer appeals from a judgment of the Franklin County Municipal Court ordering her to pay the expenses of the guardian ad litem as part of the court costs.

This cause arose by way of a suit by plaintiffs against defendant Nancy Wymer, an indigent, and her minor son, as co-defendant. The suit alleged that fire damage to a rental unit was caused by defendant's minor son. The trial court held that the minor was personally liable for his tortious acts and that plaintiffs were entitled to judgment against defendant's son in the amount of $1,050 plus costs and interest.

During the proceedings, the trial court determined that it was necessary to appoint a guardian ad litem for the minor to protect his interests. A guardian was appointed and undertook the defense of the minor. The guardian's expenses amounted to $495.

In its decision, the trial court determined that no statute authorized the payment of guardian ad litem fees in a civil case. Inasmuch as a parent is responsible for all necessaries furnished to a minor child, and because the appointment of a guardian was necessary for the protection of the minor, the court assessed the expenses of the guardian as costs payable by the minor and/or his parent.

Appellants assert the following single assignment of error:

"The trial court erred when it ruled that the costs of the services of a guardian ad litem in a negligence/intentional tort action involving a minor defendant should be paid by the parent and/or child who are indigent."

The mother urges that just as a court has the authority and duty to appoint a guardian for the minor, so it also has the inherent discretion to authorize the payment of the guardian from the county funds. She contends that the trial court here abused its discretion by not exercising such duty and authority to assure that payment was received for the services performed by the guardian.

We find there is no statutory authority which authorizes the payment of guardian ad litem fees in a civil case of this nature. Defendant acknowledges this fact and relies instead on the inherent authority of a court to order such payment as necessary to secure and safeguard the free exercise of its judicial functions.

Defendant relies upon *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 20 O.O. 3d 121, 420 N.E. 2d 116, as standing for the proposition that a court in a civil case may order the payment of guardian fees from county funds. We do not agree. Rather, *Demis* held that a court, in appointing counsel for indigent parties, is not required to appoint counsel of a party's choosing in spite of the legislature's intention that such a request be honored, which is not the issue in the instant case.

In the absence of any statutory authority providing for the payment of a guardian ad litem from county funds, the trial court did not commit error in holding that defendant-son was responsible for such payment as part of the costs. Inasmuch as the trial court imposed *liability* on the defendant-son only and not the defendant-mother, the trial court erred in imposing the guardian ad litem fees upon the defendant-mother.

Accordingly, appellants' single assignment of error is sustained in part and overruled in part, and the judgment of the municipal court is affirmed in part and reversed in part and this cause is remanded.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

McCormac and Tyack, JJ., concur.