**THATCHER, Appellant,**

**v.**

**FIELDS et al., Appellees.**

[Cite as *Thatcher v. Fields* (1997), 118 Ohio App.3d 63.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE06–827.

Decided Jan. 30, 1997.

*Edward V. Miller,* for appellant.
*Philip Lon Allen,* for appellees.

LAZARUS, Judge.

Plaintiff-appellant, Jason Thatcher, appeals from a judgment of the Franklin County Court of Common Pleas overruling his motion for reconsideration of its order ordering him to pay the fee of the guardian *ad litem* for defendant-appellee Reese Fields. Because a minor defendant in a tort action is responsible for paying the fee of his guardian *ad litem* and there is no authority upon which a trial court may shift that responsibility to a prevailing plaintiff, we reverse.

According to appellant's amended complaint, appellee Reese V. Fields, appellant's fellow student at Westerville North High School, struck appellant in the mouth on December 9, 1994, knocking out his two front teeth. The amended complaint names as defendants Reese Fields and his father Robert L. Fields, Jr. The amended complaint contains two counts against Reese Fields alleging intentional torts and one count against his father under R.C. 3109.10, under which parents may be held liable for up to $2,000[1] for assaults committed by their children. On January 24, 1996, the trial court granted appellant's motion for default judgment against the father, awarding appellant $2,000.

On February 12, 1996, appellant moved for default judgment against Reese Fields and moved for the appointment of a guardian *ad litem* for Reese Fields. On February 20, 1996, the court appointed a guardian. On March 28, 1996, the guardian filed a report stating that Reese and Robert Fields had no intention of appearing or defending in the case. The report recommends that Reese is in default, that he has no factual or legal defense, and that judgment should be rendered for appellant. A court of common pleas magistrate filed a decision on April 3, 1996, sustaining appellant's motion for default judgment.

---

1. This statutory maximum has been amended since appellant's cause of action accrued. The current version of the statute provides a $10,000 maximum.

On April 16, 1996, the guardian *ad litem* filed a motion for an order requiring appellant to pay the $812.50 fee of Reese's guardian *ad litem.* Two days later, on April 18, 1996, the trial court granted the motion. Appellant filed a memorandum in opposition to the award of guardian *ad litem* fees on April 23, 1996. In its May 29, 1996 decision, the trial court construed appellant's memorandum as a motion for reconsideration and overruled it, and adopted the magistrate's decision. The court awarded appellant a judgment in the amount of $25,000, plus interest, at the rate of ten percent, attorney fees in the amount of $1,000, and costs exclusive of the guardian *ad litem* fee. Appellant now contests the order awarding guardian *ad litem* fees, asserting six assignments of error:

1. "The trial court erred in granting judgment the same day the guardian ad litem's motion was filed without affording plaintiff or his counsel time to object or to file a memorandum in opposition."

2. "The trial court erred by never forwarding a copy of the court's entry to plaintiff or to plaintiff's counsel. * * * Such error was a violation of plaintiff's due process rights to notice."

3. "The trial court erred by abusing its discretion in granting judgment against one 15 year old boy (plaintiff), who had no guardian ad litem appointed, as opposed to another 15 year old boy (defendant) whose guardian ad litem was the applicant based solely upon a determination that the defendant was having 'financial difficulties,' in a case where plaintiff was the winner and the defendant was the loser."

4. "The trial court erred by granting a judgment against the plaintiff despite the fact that he was a minor and had no guardian serving on his behalf at the time."

5. "The trial court erred by rendering a judgment in favor of the guardian ad litem against plaintiff's counsel's client when, in fact, the court speaking through its bailiff assured plaintiff that plaintiff's counsel's client would not be required to pay any of Reese Fields' guardian ad litem's fees."

6. "The trial court erred by rendering inconsistent cost awards in that it approved Magistrate Sheeran's decision which determined that costs should be paid by defendant and then turned around and determined that costs should be paid by plaintiff."

No brief in opposition has been filed.

■ Because it is determinative of this appeal, we consider only the third assignment of error. Under the third assignment of error, appellant argues that the trial court abused its discretion by imposing on a prevailing plaintiff the expense of a guardian *ad litem* for the defendant. We agree. A minor

defendant in a tort action is responsible for paying the fee of a court-appointed guardian *ad litem.* See *Nationwide Mut. Ins. Co. v. Wymer* (1986), 33 Ohio App.3d 318, 319, 515 N.E.2d 987, 988–989.

Neither the guardian's motion for an order requiring appellant to pay his fees, the trial court's entry granting the motion, the trial court's opinion adopting the magistrate's decision, nor the trial court's judgment entry cites any authority under which a trial court may shift the burden of paying the guardian's fee to a prevailing plaintiff.

There is no statutory authority for the payment of guardian *ad litem* fees for a defendant tortfeasor. See *Wymer, supra,* at 319, 515 N.E.2d at 988–989. Civ.R. 55(A) states that no default judgment shall be entered against a minor unless represented by a guardian or other such representative, but the rule does not provide for compensation of the guardian. Civ.R. 17(B) states that when a minor is not otherwise represented in an action the court shall appoint a guardian *ad litem* or shall make such other order as it deems proper for the protection of the minor, but that rule, too, does not provide for compensation of the guardian. Civ.R. 54(D) authorizes a trial court to allow costs but only to a prevailing party. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156. The guardian *ad litem* in this case is not a "prevailing party."

Because Reese Fields is responsible for paying the fee of his guardian *ad litem* and there is no authority upon which the trial court may shift that responsibility to appellant, the third assignment of error is sustained. Appellant's first, second, fourth, fifth and sixth assignments of error are moot. The judgment of the Franklin County Court of Common pleas ordering appellant to pay the guardian *ad litem* $812.50 is reversed, the June 14, 1996 judgment entry is reversed to the extent it denies appellant's motion for reconsideration of the April 18, 1996 order, and this cause is remanded to the trial court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded*
*with instructions.*

TYACK, P.J., and BOWMAN, J., concur.