[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, William Lee Bowersock, appeals from the judgment entry of divorce of the Common Pleas Court of Allen County, which terminated his thirty-three year marriage to plaintiff-appellee, Joyce Bowersock.
The parties were married on August 10, 1963 and have two children, both of whom were emancipated at the time of the divorce. Appellee filed a complaint for a divorce on January 22, 1997. The record indicates that she moved out of the marital home in May 1995.
A final divorce hearing was held on June 12, 1997. Before the hearing, appellant filed a number of motions, including a request for a psychological evaluation of appellee, a request for marriage counseling, and a request for change of venue. The trial court overruled his motions.
In December, the trial court issued a decision dividing the parties' assets and debts. However, the record shows that the parties thereafter entered into an agreement on the division of all their assets and debts. A judgment entry of divorce was filed on January 29, 1998. In the entry, the trial court granted appellee a divorce upon a finding that the parties have lived separate and apart without cohabitation for one year and incorporated the agreement between the parties. It is from this judgment of divorce that appellant now appeals. In his pro se
brief, the appellant asserts the following five assignments of error:
 The trial court erred to the prejudice of defendant-appellant in overruling his motion for directed verdict made after the close of plaintiff-appellee's case. The evidence in the record shows the defendant's motion would be well taken.
 The trial court erred to the prejudice of defendant-appellant in overruling his motion for marriage counseling and psychological evaluations of the plaintiff-appellee over the objections of the defendant-appellant. The record shows evidence that legally sufficient consideration exists for having marriage counseling and the psychological evaluations. Defendant-appellant moved for change of venue.
 The trial court erred to the prejudice of defendant-appellant in the filing of a judgment entry June 5, 1997, then a court order on June 9, 1997, over defendant-appellant's objection knowing that at law appellant evidence shows appellant does have at law cause to object to the order and that a mistrial was in progress.
 The trial court erred to the prejudice of defendant-appellant in filing a decision on December 12, 1997 over objection of the appellant because that in the decision and in the rules of trial court and proceedings were in direct violation of the appellant's constitutional rights.
 The trial court errors [sic] to the prejudice of a party in the local rules of court requesting a Social Security number in the caption of the case. The Social Security number is other than a number to be used for identification.
In this appeal, the trial court's division of the assets and debts of the parties is clearly not an issue. Appellant assigns no error with respect to the trial court's property division and the record shows that the parties entered into an agreement on the division of all their assets and debts. The trial court found that each party voluntarily entered into that agreement, which modified its December 1997 decision, and was incorporated into the decree of divorce. Consequently, the only issue then is whether the trial court erred in granting appellee a divorce. The trial court granted appellee a divorce upon a finding that the appellant and appellee have lived separate and apart for a period of time in excess of one year without cohabitation. At the final hearing for divorce, appellee testified that she left the marital residence in May 1995 and that they have lived separate and apart without cohabitation during the particular one-year period. As provided in R.C. 3105.01(J), a trial court can grant a divorce when the husband and wife have "lived separate and apart without cohabitation" for one year without interruption. After reviewing the record, we find that the trial court did not abuse its discretion in granting appellee a divorce.
Additionally, we will review appellant's contention that the trial court erred in overruling his motions for marital counseling, a psychological examination of appellee, and a change in venue. The trial court in its June 5, 1997 judgment entry stated that:
 The court would find the motion for counseling filed by defendant shall be overruled at this time. It is clear from the pleadings and the history of these parties the plaintiff does not share the desire of the defendant to work toward a reunification of the marital lives of these parties and based upon that fact this court would overrule the motion for marital counseling.
* * *
 The court has already addressed on one occasion a motion for psychological exam overruling the same and at this time the motion for physical and mental exam filed by the defendant, citing many of the same circumstances will also be overruled. This court has been in open court with both plaintiff and defendant and there has been nothing presented to this court to substantiate the problems perceived by the defendant in this case. At this time it does appear to the court the defendant, as this court has previously stated, does not approve of the life-style choices the plaintiff has made and as a result of the same believes there is some mental instability on the part of the plaintiff. There simply has not been sufficient demonstration to the court of this to cause the court to order the plaintiff to undergo the stress and stain (sic) of a psychological examination, to suffer the impediment to the orderly disposition of this case, and further to order the defendant to incur the cost that would be associated with such psychological examination. The motion for physical and mental exam is overruled.
* * *
 The court would find the motion for change of venue is not well taken at this time as there has simply been no offer of any factual basis substantiating that Mr. Bowersock would not be granted a full, fair and complete hearing in accordance with the laws of the State of Ohio. The motion for change of venue shall be overruled.
Having granted appellee a divorce on the ground of living separate and apart, this is not an issue which calls into question marital counseling or a psychological evaluation of the appellee. In any case, we note that the trial court has discretion to deny the appellant's requests. R.C. 3105.091(A) provides that a court,sua sponte or on the motion of a party, may order the parties to undergo conciliation. The trial court heard arguments at the pretrial hearing and also at the hearing for divorce, heard over two hundred pages of transcribed testimony. The record indicates that appellee is almost fifty-eight years old and has been working as an assistant principal for the Lima City Schools. In July 1997, she was to be promoted to the position of principal. Moreover, at the hearing for divorce, appellee testified about the nature of the marital difficulties the parties have experienced since the late '70's, with appellee filing a prior action for divorce in 1985. Upon review of the record, the trial court's ruling on appellant's motion for marriage counseling and for a psychological examination of appellee was not unreasonable, arbitrary or unconscionable which would constitute an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
With respect to appellant's motion for a change of venue, we note that in a divorce action venue is proper in the county in which the plaintiff has resided for ninety days immediately preceding the filing of the complaint. Civ.R. 3(B)(9). "Under the Ohio Rules of Civil Procedure, the only basis for a transfer of venue from a county where the venue is proper is when the transfer is necessary to obtain a fair trial." State ex rel. Starner v.DeHoff (1985), 18 Ohio St.3d 163, 165; see Civ.R. 3(C)(4). Appellant alleged, in essence, bias and prejudice on the part of the trial court. However, if he believed that the trial court was prejudiced and biased against him, the proper remedy was to file an affidavit of bias and prejudice with the Chief Justice of the Ohio Supreme Court pursuant to R.C. 2701.03. See, e.g., Winkle v.Southdown, Inc. (Sept. 3, 1993), Greene App. No. 92-CA-107, unreported. Thus, the trial court did not err in overruling appellant's motion for a change of venue.
Finally, our review of the record fails to reveal any objection on the part of the appellant concerning the omission of his social security number in the caption of the divorce action. Appellee filed a complaint which in fact disclosed her social security number, but did not state the number for appellant. Moreover, appellant does not make any argument concerning the same in his brief. App. R. 16(A)(7) provides that "[t]he appellant shall include in [his] brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
In short, given the circumstances of this case and the fact that the trial court heard testimony and arguments from both parties involved, we cannot conclude that the trial court erred in granting appellee a divorce. All of the appellant's assignments of error are overruled and the judgment entry of divorce is hereby affirmed.
Judgment affirmed.
 SHAW, P.J., BRYANT and HADLEY, JJ., concur.