THE STATE, EX REL. BEACON JOURNAL PUBLISHING COMPANY
ET AL., APPELLANTS, *v.* DONALDSON, JUDGE, APPELLEE.

[Cite as *State, ex rel. Beacon Journal Publishing
Co., v. Donaldson* (1992), 63 Ohio St.3d 173.]

(No. 90–1828—Submitted November 5, 1991—Decided March 11, 1992.)

---

*Roetzel & Andress, Ronald S. Kopp* and *Amie L. Bruggeman,* for appellants.

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A., Niki Z. Schwartz* and *Orville E. Stifel II,* for appellee.

---

*Per Curiam.* To obtain a writ of prohibition, a relator must show (1) that the court against which it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that refusal of the writ will cause relator an injury for which he has no other adequate remedy. *Commercial Savings Bank v. Wyandot Cty. Court of Common Pleas* (1988), 35 Ohio St.3d 192, 193, 519 N.E.2d 647, 648–649. Since the *Stokes* trial ended before the court of appeals entered judgment in this case, the municipal court is not about to exercise judicial power. By ordinary standards, this case is moot. *Id.* at 194, 519 N.E.2d at 649.

However, a court may rule on an otherwise moot case "where the issues raised are 'capable of repetition, yet evading review.' * * * " *State, ex rel. Plain Dealer Publishing Co., v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807, paragraph one of the syllabus. Courtroom closure cases often evade review, since a closure order usually expires before an appellate court can consider it—as, indeed, was the case here. See *Globe Newspaper Co. v. Superior Court* (1982), 457 U.S. 596, 602–603, 102 S.Ct. 2613, 2618, 73 L.Ed.2d 248, 254; *State, ex rel. The Repository, v. Unger* (1986), 28 Ohio St.3d 418, 419–420, 28 OBR 472, 473–474, 504 N.E.2d 37, 39. Nevertheless, the court of appeals held the action to be moot because the adoption of Loc.R. 30 rendered the situation in this case incapable of repetition.

A case is capable of repetition where "there * * * [is] a reasonable expectation that the same complaining party * * * [will] be subjected to the same action again. * * * " *Weinstein v. Bradford* (1975), 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350, 353. We find no basis in the record for the lower court's conclusion that appellee's action is not capable of repetition.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to that court for a determination on the merits with respect to appellee's actions in the *Stokes* case.

*Judgment reversed*
*and cause. remanded.*

SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., and HOLMES, J., dissent and would affirm the appeal as being moot.

DOUGLAS, J., concurring. I concur that the judgment of the court of appeals should be reversed. Further, I concur that the case before us is one capable of repetition, yet evading review and, thus, the issue is properly before us for decision even though the matter might now appear to be moot.

I do not agree that we should avoid, for whatever reason, the merit issue presented to us by appellants. That issue is whether appellee's order closing his courtroom during one phase of a criminal proceeding has been cured by amending the rules of the Shaker Heights Municipal Court to add Rule 30, which sets forth a procedure for the court to follow before a court proceeding is closed.

While I have a number of concerns (and specifically a due process concern) with Rule 30, I limit my comments to just two: (1) Why is it necessary to have any such rule at all? and (2) Why does not the rule simply follow existing law as to hearing before closure?

The closing of courtrooms is a dangerous business. It is my judgment that a courtroom should never be closed. I recognize I am in the minority in this view but I believe the position is supported by constitutional provisions and case law. Rather than, once again, expounding on my reasons for this strongly held belief, I refer interested readers to my opinion concurring in part and dissenting in part in *In re T.R.* (1990), 52 Ohio St.3d 6, 24–27, 556 N.E.2d 439, 456–459.

At the very least, one must start with the proposition that there is a heavy presumption that courts and court proceedings are to be open. Therefore, at least to me, it seems, at best, unwise to promulgate a rule establishing a procedure for court closure. Such a rule is not only unwise (because it invites mischief) but also unnecessary, given existing case law which sets forth what safeguards must be followed before a courtroom may be closed.

Rule 30 does not comport with existing case law. It is understandable why, given the trial court's recent experiences in the underlying criminal case (as

described in appellee's brief), the court felt the necessity for an orderly procedure to consider requests for courtroom closures. However, the rule does not meet the requirements set forth by the United States Supreme Court and this court when closure is requested.

Rule 30, in paragraph four, requires that "[p]ersons or entities wishing to object to a filed motion for closure shall do so by filing * * * a written objection and *request for hearing.* * * * " (Emphasis added.) Paragraph five provides that "[w]hen a timely objection *and request for hearing* has [*sic*] been filed in opposition to a closure motion, the Court *will conduct a hearing* on the motion in open court. * * * " (Emphasis added.) Thus, *only* if there is a timely objection filed to the proposed closure will there be a hearing on the motion for closure. No objection—no hearing! I believe this procedure violates due process and existing case law.

In the underlying criminal case, the trial court closed juror voir dire. A trial court may not constitutionally close a presumptively open proceeding without considering alternatives to closure. *Press–Enterprise Co. v. Superior Court* (1984), 464 U.S. 501, 511, 104 S.Ct. 819, 825, 78 L.Ed.2d 629, 639 ("*Press–Enterprise I*"). The public and press have a constitutional right of access and a right to be in attendance at criminal trials. *Globe Newspaper Co. v. Superior Court* (1982), 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248. Such right of access includes access to the voir dire examination of potential jurors. *Press–Enterprise I, supra.* While it is true that the Constitution of the United States does not *explicitly* guarantee access to criminal trials, such right is implied from the First Amendment read in conjunction with the Fourteenth Amendment. In *Richmond Newspapers, Inc. v. Virginia* (1980), 448 U.S. 555, 575, 100 S.Ct. 2814, 2826, 65 L.Ed.2d 973, 988, the court said, " * * * [p]lainly it would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted[.] * * *

"The Bill of Rights was enacted against the backdrop of the long history of trials being presumptively open. Public access to trials was then regarded as an important aspect of the process itself * * *."

Because of case law, it must be conceded that the right of access is not absolute. *Id.* at 581, 100 S.Ct. at 2829, 65 L.Ed.2d at 992, fn. 18. However, the right to *deny* access is limited and " * * * it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest. * * * " *Globe, supra,* 457 U.S. at 607, 102 S.Ct. at 2620, 73 L.Ed.2d at 257. In *Press–Enterprise Co. v. Superior Court* (1986), 478 U.S. 1, 9–10, 106 S.Ct. 2735, 2741, 92 L.Ed.2d 1, 11 ("*Press–Enterprise II*"), the high court, quoting from *Press–Enterprise I, supra,* 464

U.S. at 510, 104 S.Ct. at 824, 78 L.Ed.2d at 638, said, " '[t]he presumption may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *The interest is to be articulated along with findings specific enough* that a reviewing court can determine whether the closure order was properly entered.' \* \* \* " (Emphasis added.)

The foregoing proscriptions are not met by a procedure that can allow closure of a courtroom without a hearing or consideration of less obtrusive alternatives. Rule 30 permits closure if no objection is made, and closure may be ordered without a hearing. In *State, ex rel. Beacon Journal Pub. Co., v. Kainrad* (1976), 46 Ohio St.2d 349, 352, 75 O.O.2d 435, 436, 348 N.E.2d 695, 697 (a right to publish case), we said that "[b]efore issuing any such order not to publish, *it is obligatory upon the court to hold a hearing* and make a finding that all other measures within the power of the court to insure a fair trial have been found unavailing and deficient." (Footnote omitted and emphasis added.) In *State, ex rel. The Repository, v. Unger* (1986), 28 Ohio St.3d 418, 28 OBR 472, 504 N.E.2d 37, we implicitly, if not in fact, found that a hearing is required before a closure order can be properly entered. Judge Francis E. Sweeney, in his dissent in the within case in the court of appeals, ably recognized that holding in *Unger.* In *State, ex rel. Natl. Broadcasting Co., v. Lake Cty. Court of Common Pleas* (1990), 52 Ohio St.3d 104, 106, 556 N.E.2d 1120, 1123, we issued a writ of prohibition prohibiting respondents " \* \* \* from maintaining the [gag] order issued \* \* \* and from issuing a new order *unless a hearing is held* and findings are made pursuant to the standards and procedures set forth in *Press–Enterprise Co. v. Superior Court* (1986), 478 U.S. 1 [106 S.Ct. 2735, 92 L.Ed.2d 1] ('*Press–Enterprise II*')[.]" (Emphasis added.)

Because Rule 30 does not mandate that a hearing be held, the rule violates constitutional requirements of due process and the case law of both the United States Supreme Court and this court. For this reason, as well as other objectionable provisions in the rule, we should find that the case before us is not moot and we should order the rule stricken with instructions that before any closure order is entered in any case coming before the Municipal Court of Shaker Heights, a hearing be held and current case law be followed.

For people in an open society to be assured that their courts are adjudicating fairly, they must be permitted to observe before they are called upon to accept. Closure, without adhering to strict safeguards, is simply unacceptable.

I would reverse the judgment of the court of appeals and grant the requested writ of prohibition.