The STATE ex rel. NEW WORLD COMMUNICATIONS
OF OHIO, INC., d.b.a. WJW–TV8,

v.

CHARACTER, Judge.

[Cite as *State ex rel. New World Communications of Ohio, Inc. v. Character* (1995), 100 Ohio App.3d 773.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68494.

Decided Feb. 3, 1995.

*Walter & Haverfield, Michael T. McMenamin* and *Kenneth A. Zirm,* for relator.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney and *Carol Shockley,* Assistant County Prosecuting Attorney, for respondent.

LEO M. SPELLACY, Presiding Judge.

On February 1, 1995, New World Communications of Ohio, Inc., d.b.a. WJW–TV8, relator, filed a petition for writs of prohibition and mandamus seeking to enjoin respondent, Judge Carl J. Character, from enforcing a restraining order issued January 31, 1995, in litigation pending before him entitled *Cleveland Elec. Illum. Co. v. Cleveland,* Cuyahoga C.P. Case No. 265008. The restraining order stated as follows:

"Cleveland Television Channel 8, Virgil Dominic, Carl Monday and all other persons employed by said television channel are hereby restrained and prohibited from broadcasting any materials including, but not limited to any conversations with persons involved in this case, contents of pleadings, and interviews as well as all other matters relating to this litigation until further order of the Court."

This court granted an alternative writ prohibiting respondent from enforcing said order and scheduled a show cause hearing for February 3, 1995.

At the hearing, counsel for respondent submitted a certified copy of an order issued by respondent on February 3 which vacated the restraining order. Counsel urged dismissal of the writ action based on mootness. Ordinarily such action would warrant a dismissal. However, a court may rule on issues that are otherwise moot if they are capable of repetition, yet evading review. *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St.3d 173, 586 N.E.2d 101. Because the underlying litigation is ongoing and only in the discovery stage, we believe there is ample opportunity for the issue presented to us originally to repeat itself.

The restraining order issued by respondent *sua sponte* constitutes a prior restraint on the effort of relator to gather and report the news of current events. As such, it is presumed unconstitutional. See *Nebraska Press Assn. v. Stuart* (1976), 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683; *State ex rel. The Cincinnati Post v. Hamilton Cty. Court of Common Pleas* (1991), 59 Ohio St.3d 103, 570 N.E.2d 1101. The burden of overcoming this presumption is on respondent to show that the matter restrained posed a clear and present danger or a serious and imminent threat to a protected competing interest, that the restraint was narrowly drawn and would be effective to thwart the threatened danger, and that no reasonable, less restrictive alternative means existed to quell the danger. *Nebraska Press,* 427 U.S. at 562, 96 S.Ct. at 2804, 49 L.Ed.2d at 699; *Cincinnati Post,* 59 Ohio St.3d at 104, 570 N.E.2d at 1102; see *CBS, Inc. v. Davis* (1994), 510 U.S. ——, 114 S.Ct. 912, 127 L.Ed.2d 358.

The concerns recited at the hearing which prompted the restraining order in this case were (1) the parties' right to a fair trial, one untainted by pretrial

publicity which could adversely affect potential jurors, and (2) the parties' ability to negotiate effectively. Neither of these concerns is sufficient to overcome the presumption of unconstitutionality in this case. Pretrial publicity concerns can be dealt with effectively when the jury is selected and through instructions to the jury. The concern over the ability of the parties to negotiate in the face of news reports fails to rise to the level of a competing interest. In any event, the restriction of one particular television station from media coverage seems ineffective to thwart the danger even if the concern rose to the competing interest level.

Respondent, having failed to show sufficient cause to overcome the presumption of unconstitutionality afforded prior restraints, is hereby permanently prohibited from enforcing his said restraining order of January 31, 1995, in any respect. Respondent is further prohibited from issuing a new restraining order on news coverage unless a hearing is held and findings are made. See *State ex rel. Natl. Broadcasting Co. v. Lake Cty. Court of Common Pleas* (1990), 52 Ohio St.3d 104, 556 N.E.2d 1120.

Relator's request for a writ of mandamus is denied as premature.

Permanent writ of prohibition to issue. Costs to respondent.

*Judgment accordingly.*

NUGENT and NAHRA, JJ., concur.