OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The defendant-appellant, Ronald J. Fox ("the appellant"), appeals the judgment of the Wyandot County Court of Common Pleas sentencing him to a term of imprisonment of twelve months.
The pertinent facts and procedural history of the case are as follows. On or about 11:30 p.m. on January 11, 2000, the appellant was driving southbound on Sandusky Avenue, Upper Sandusky, Ohio, when he lost control of his vehicle and struck several trees and a home. Shortly after the accident, a witness approached the appellant's vehicle. At that time, the appellant allegedly brandished a handgun. The appellant then fled the scene of the accident in his vehicle.
Sometime shortly thereafter, the appellant was apprehended in his home, which was located only a short distance away from the scene of the accident. During a pat-down search of the appellant, a handgun was discovered in his coat pocket. The appellant was subsequently arrested and charged with leaving the scene of an accident, in violation of R.C.4549.02, operating a motor vehicle without reasonable control ("failure to control"), in violation of R.C. 4511.202, and operating a motor vehicle under the influence, in violation of R.C. 4511.19(A)(1).
In January 2000, the appellant was indicted by the Wyandot County Grand Jury on one count of carrying a concealed weapon, in violation of R.C.2923.12(A), a felony of the fourth degree. On April 25, 2000, the appellant pleaded guilty to one count of carrying a concealed weapon. The trial court accepted the appellant's guilty plea and found him guilty of the offense. The trial court ordered a pre-sentence investigation and set a sentencing date for October 31, 2000. At the sentencing hearing, the trial court sentenced the appellant to a twelve-month term of imprisonment.
The appellant now appeals, asserting three assignments of error for our review. Because the appellant's first and second assignments of error are interrelated, we will address them simultaneously.
 Assignment of Error No. I
The trial court erred and acted contrary to law by failing to state on the record the requisite finding that gives its reasons for imprisonment of the Defendant, as required by Section 2929.19(B)(2)(a) of the Ohio Revised Code.
 Assignment of Error No. II
The trial court erred and acted contrary to law by sentencing Defendant to a twelve month prison term, which said sentence is not supported by the record.
In his first and second assignments of error, the appellant addresses the trial court's sentence for his fourth degree felony conviction of carrying a concealed weapon. In his brief, the appellant asserts that the trial court did not adhere to the statutory sentencing requirements when it imposed a prison sentence upon him, rather than a community control sanction.
Prior to addressing the appellant's assigned errors, we must determine whether there remains a controversy appropriate for decision by this Court. On January 30, 2001, the Wyandot County Court of Common Pleas granted the appellant's motion for judicial release. A defendant convicted and sentenced to a term of imprisonment for a fourth or fifth degree felony may file a motion for judicial release pursuant to R.C.2929.20.
The State of Ohio now contends through its motion to dismiss that because the appellant has been released, his claims are moot. We agree that as to the appellant, this appeal is moot. Nonetheless, a court may decide the issues raised where the issues are capable of repetition, yet evade review. State ex rel. Beacon Journal Publishing Co. v. Donaldson
(1992), 63 Ohio St.3d 173, 175, quoting State ex rel. Plain DealerPublishing Co. v. Barnes (1988), 38 Ohio St.3d 165, paragraph one of the syllabus. Such is the case here.
At the sentencing hearing held on October 31, 2000, the trial court sentenced the appellant to a twelve-month term of imprisonment for carrying a concealed weapon, a felony of the fourth degree. The sentencing issues raised in the appellant's brief relate directly to fourth and fifth degree felonies, to which a defendant may petition the court for judicial release. Therefore, sentencing issues raised in such appeals are capable of repetition, yet may evade review. For these reasons, this Court is vested with jurisdiction to hear this appeal. We will now address the merits of the appellant's assignments of error.
As noted prior, the appellant was convicted of a fourth degree felony. R.C. 2929.13(B) governs a trial court's sentencing of an offender who commits a felony of the fourth degree. R.C. 2929.13(B)(1) provides, in pertinent part, as follows:
 Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 (i) The offender committed the offense while in the possession of a firearm.
Under R.C. 2929.13(B)(2)(a), if the trial court finds that any of the R.C. 2929.13(B) factors apply, then it must proceed to consider the seriousness and recidivism factors set forth in R.C. 2929.12. The court must then impose a prison term if (1) such a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11, and (2) the offender is found not to be amenable to community control sanctions.
Further, when imposing a prison term for a fourth degree felony, R.C.2929.19 specifically requires that the court make a finding that gives its reasons for selecting the sentence imposed and that the court's reasons for imposing the prison term, as reflected in its finding, be based upon the overriding purposes and principles of felony sentencing set forth in section R.C. 2929.11 of the Ohio Revised Code and upon the applicable R.C. 2929.13(B)(1) imprisonment factors. See R.C.2929.19(B)(2)(a). Thus, those reasons must be based on (1) the overriding purposes and principles of felony sentencing under R.C. 2929.11 and (2) any factors in R.C. 2929.13(B)(1)(a) to (i) that the trial court finds applicable.
Under R.C. 2929.13(B)(2)(b), if the court finds that none of the factors of R.C. 2929.13(B)(1) apply to the case, it must impose a community control sanction or a combination of community-control sanctions if, after consideration of the seriousness and recidivism factors found in R.C. 2929.12, such is consistent with the purposes and principles of sentencing. If the trial court determines that community-control sanctions are not consistent with the purposes and principles of sentencing, it must then impose a term of imprisonment.
At the sentencing hearing held on October 31, 2000, the trial court found that at least two of the eight R.C. 2929.13(B)(1) factors applied to the case herein. The trial court found that (1) in committing the offense the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon and (2) that the appellant had previously served a prison term. See R.C. 2929.13(B)(1)(b) and (g).
A review of the transcript of the sentencing hearing reveals that the trial court considered the seriousness and recidivism factors of R.C.2929.12 and found that a prison term was consistent with the purposes and principles of sentencing under R.C. 2929.11. The trial court also concluded that the appellant was not amenable to available community sanctions. See R.C. 2929.13(B)(2)(a).
Having made the foregoing findings on the record at the sentencing hearing, the trial court's actions constitute full compliance with the statutory requirements set forth in R.C. 2929.13 and R.C. 2929.19. Therefore, we find no error in the trial court's determination that the appellant's conduct on the evening of January 11, 2000, warrants the sentence imposed upon him.
Accordingly, the appellant's first and second assignments of error are overruled.
 Assignment of Error No. III
The trial court erred and acted contrary to law by sentencing Defendant to a twelve month prison term which places an unnecessary burden on public resources in violation of Section 2929.13(A) of the Ohio Revised Code.
In his third and final assignment of error, the appellant argues that the imposition of a prison term is contrary to law because it imposes an unnecessary burden on state and local governmental resources. The appellant maintains that a community control sanction, rather than the stated prison term, should have been imposed at the time of sentencing. The appellant asserts that such action would have saved the state and local governments the unnecessary costs of incarcerating him.
In State v. Ober (Oct. 10, 1997), Greene App. No. 97 CA 0019, unreported, the Second District Court of Appeals addressed the foregoing argument. In Ober, the court stated, in pertinent part, as follows:
 Ober is correct that the `sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.13(A). According to criminal law experts, this resource principle `impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin 
Katz, Ohio Felony Sentencing Law (1996-97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11. Id.
 Although resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on Ober may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment.
We agree with the reasoning of the Ober court and, thus, reject the appellant's argument as to this issue. Accordingly, the appellant's third and final assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 WALTERS, P.J., and SHAW, J., concur.