OPINION
{¶ 1} Appellant, Anne J. Yoel (n.k.a. Rohde,) and appellee, Raymond J. Yoel, were married on July 2, 1989. They had two children, Natalie, born October 3, 1991, and William, born March 2, 1995.
 {¶ 2} The parties were divorced in 1998 and a shared parenting plan was adopted. Raymond appealed and we reversed the judgment of the trial court and remanded the matter so the trial court could adopt a shared parenting plan that conformed to the parties' oral agreement. Yoel v. Yoel (May 12, 2000), 11th Dist. No. 98-L-264, 2000 Ohio App. LEXIS 2045. The trial court adopted a shared parenting plan on October 5, 2000.
 {¶ 3} On July 2, 2003, Raymond filed a motion seeking an emergency ex parte order requiring Anne to transport the children to certain extracurricular activities scheduled during the weeks of July 7 and July 14, 2003. Raymond claimed Anne consistently refused to take the children to their extracurricular activities as required by the shared parenting agreement. On July 2, 2003, the trial court granted Raymond's motion but rather than require Anne to take the children to the activities, the court permitted Raymond to take the children to the activities.
 {¶ 4} On July 3, 2003, Anne filed a motion seeking an ex parte order vacating the trial court's judgment of July 2, 2003. By entry filed July 3, 2003, the trial court modified its July 2, 2003 order. The trial court noted Anne's two weeks of uninterrupted vacation with the children was scheduled for July 3, 2003 through July 17, 2003. Therefore, the trial court found Anne could proceed with her travel plans for that time but permitted Raymond to transport the children to the scheduled extracurricular activities if the children were at home.
 {¶ 5} Anne appeals from each judgment asserting the following assignment of error:
 {¶ 6} "The trial court abused its discretion in ordering defendant-appellee to transport the minor children to softball games and the Lake County Junior Olympics during the plaintiff-appellant's two weeks of uninterrupted summer parenting time."
 {¶ 7} Raymond argues this appeal is moot because the order only applied to events occurring during July 2003. Anne argues the appeal is properly before this court because it is capable of repetition and would avoid review, and also because it calls for an interpretation of the shared parenting agreement that would be applicable in the future. We agree this appeal presents an issue capable of repetition and avoiding review. State ex rel. BeaconJournal Publishing Co. v. Donaldson (1992), 63 Ohio St.3d 173,175.
 {¶ 8} The shared parenting plan contains three clauses relevant to this appeal. It provides generally that "Neither parent is entitled to control matters that take place during the other parent's allocated time, nor is either parent entitled to control the other parent's decisions made for themselves as adults."
 {¶ 9} With respect to visitation, it provides:
 {¶ 10} "Two (2) weeks of uninterrupted summer vacation each year with the children for both the Father and Mother during the summer months * * * are to be arranged by the parents with advance notice in writing by May 15th of each year to the other parent. If there is a conflict between the parents as to the dates of each of the summer vacation periods desired, the Father's dates shall be given priority in the oddnumbered calendar years and the Mother's dates shall be given priority in the evennumbered calendar years.
 {¶ 11} "Summer vacation shall take precedence over the Regular Allocation of Time between the parents."
 {¶ 12} With respect to extracurricular activities, it provides:
 {¶ 13} "The parents shall notify and discuss with each other extracurricular activities important to the children in advance, including times, dates, and transportation needs, so that the children are not deprived of extracurricular activities and maintaining friendships.
 {¶ 14} "The Father may choose one (1) extracurricular activity per child per activity time period. The activity the Father chooses for each child may involve events or activities that require time which occurs during the residential time of the Mother with notification to the Mother. The Mother may choose one (1) extracurricular activity per child per activity period. The activity the Mother may choose for each child may involve events or activities that require time which occurs during the residential time of the Father with notification to the Father. Notification does not imply permission or approval but merely consultation or notification."
 {¶ 15} Before reaching the substance of this appeal as set forth by the parties, we question whether an emergency motion seeking an ex parte order was the appropriate vehicle to challenge Anne's alleged failure to transport the children to extracurricular activities.
 {¶ 16} Appellee filed an affidavit in support of his emergency motion. In his affidavit appellee stated appellant had failed to transport the children to extracurricular activities at various times since 1998 and that appellee's failure to support the children in their extracurricular activities had "* * * become worse since 2001." In spite of these allegations, appellee waited until the day before appellant was to begin her two weeks of uninterrupted parenting time to file his motion. The facts averred in appellee's affidavit belie any argument that there was suddenly an emergent need for an ex parte order.
 {¶ 17} By issuing the ex parte order, the trial court denied appellant her right to due process. See, generally, Chauncey v.Chauncey (June 24, 1993), 8th Dist. Nos. 64004 and 64217, 1993 Ohio App. LEXIS 3169, 7-8. The proper course would have been for appellee to file a motion to show cause so the court could conduct a hearing on the matter. Thus, we conclude the trial court erred in granting an emergency ex parte order under the facts of this case. We express no opinion as to the substantive merits of the parties arguments. For the foregoing reasons the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is reversed, and this matter is remanded for proceedings consistent with this opinion.
Christley, J., O'Neill, J., concur.