{¶ 16} I must respectfully dissent, for this matter is clearly not moot. The trial court issued an order that required the family, in an uncontested, step-parent adoption, to submit to psychological examinations. The cost was estimated to be in the range of $3,000, and the psychologist was located in a distant city. Nowhere in the record before this court is there any evidence that the trial court followed the mandates of Civ.R. 35; nor, for that matter, is there any indication that the examination was needed. As stated by the Tenth District Court of Appeals, before a court may order a physical or mental examination, the physical or mental condition of a party must be in controversy and there must be good cause shown by the moving party.[2] The court went further to explain the "bell-ringing" theory, which is: once a trial court rings this particular bell, an appellate court clearly cannot un-ring the bell caused by the court's abuse of discretion.[3]
 {¶ 17} This matter is further complicated by the trial court's inexplicable attempt to reverse itself by vacating its own order while the matter was on appeal. This troubling fact pattern falls squarely within the scope of appellate review and is not moot by any stretch of the imagination. In what should have been a routine adoption proceeding, one full year has been wasted with meaningless appellate practice. As stated by the Supreme Court of Ohio, an appellate court "may rule on an otherwise moot case `where the issues raised are "capable of repetition, yet evading review."'"[4]
 {¶ 18} "A case is capable of repetition where `there * * * (is) a reasonable expectation that the same complaining party * * * (will) be subjected to the same action again.'"[5]
 {¶ 19} There is no question in this matter that the trial court issued two improper orders, and they will escape appellate review if this matter is found to be moot. It is further beyond dispute that the same parties will potentially be subjected to the same action that will then lead to an additional, meaningless year of appellate review.
 {¶ 20} This matter is not moot by any stretch of the imagination. This court should address appellant's assigned error on its merits.
[2] Kinsey v. Erie Ins. Group, 10th Dist. No. 03AP-51,2004-Ohio-579, at ¶ 4, citing Civ.R. 35(A).
[3] (Citations omitted.) Id. at ¶ 13.
[4] (Emphasis added.) State ex rel. Beacon Journal PublishingCo. v. Donaldson (1992), 63 Ohio St.3d 173, 175, quoting Stateex rel. Plain Dealer Publishing Co. v. Barnes (1988),38 Ohio St.3d 165, paragraph one of the syllabus.
[5] State ex rel. Beacon Journal Publishing Co. v. Donaldson,63 Ohio St.3d at 175, quoting Weinstein v. Bradford (1975),423 U.S. 147, 149.