[Cite as *State v. Liao*, 2015-Ohio-3770.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 102454

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHIH-SIANG SHAWN LIAO

DEFENDANT-APPELLANT

---

### JUDGMENT:
DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-565303-A

**BEFORE:** Celebrezze, A.J., Jones, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** September 17, 2015

**ATTORNEY FOR APPELLANT**

Kevin P. Shannon
75 Public Square
Suite 700
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Daniel T. Van
         James A. Gutierrez
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Appellant, Shih-Siang Shawn Liao, appeals the one-year sentence he received after pleading guilty to one count of aggravated theft, a fourth-degree felony. For the reasons set forth below, appellant's appeal is dismissed because it is moot.

{¶2} On July 31, 2012, appellant was charged with one count of theft in violation of R.C. 2913.02(A)(3), a third-degree felony. At the time he was charged, appellant was serving an indefinite three- to nine-year prison sentence for grand larceny at a New York state correctional facility. Appellant was extradited from New York on January 27, 2014. At his arraignment in the Cuyahoga County Court of Common Pleas on January 30, 2014, appellant entered a plea of not guilty.

{¶3} On April 22, 2014, appellant withdrew his original plea of not guilty and entered a plea of guilty to the indictment. However, due to a change in the law, the theft charge became a charge of aggravated theft, a felony of the fourth degree punishable by 6 to 18 months in prison and a possible fine of $5,000. On May 27, 2014, the trial court sentenced appellant to one year in prison, which was to be served consecutively to his New York sentence. Additionally, appellant was ordered to pay $100,000 in restitution to the victim and court costs. Appellant remained in the Cuyahoga County jail from his

arraignment until June 8, 2014, at which point he was returned to the New York prison to complete his sentence for the grand larceny conviction.

{¶4} Appellant returned to Cuyahoga County on September 3, 2014, to begin his sentence in this case, and was committed to Trumbull Correctional Institution on September 4, 2014. Between February and March 2015, the trial court granted appellant a total of 164 days of jail-time credit for time spent in the Cuyahoga County jail and for time spent in transit between correctional facilities. Accordingly, appellant completed his sentence and was released from prison on April 8, 2015.

{¶5} This court granted appellant's motion to file a delayed appeal on January 26, 2015. In his sole assignment of error, appellant asserts that the trial court erred by imposing a consecutive sentence without making the appropriate findings required by R.C. 2929.14(C).

## I.  Analysis

{¶6} Initially, we recognize that appellant has completed the sentence underlying his appeal. In *State v. Golston,* 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus, the Ohio Supreme Court held that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." The *Golston* rule acknowledges that a convicted felon who has completed his sentence should not suffer the collateral consequences associated with a felony conviction without being afforded an opportunity to challenge that conviction. *State v. Santiago*, 8th Dist. Cuyahoga No. 101612, 2015-Ohio-1301, ¶ 8. However, this court has held "that

principle is not served, and thus an appeal is moot , when * * * the appellant challenges only his sentence, and his completion of his sentence leaves him without a remedy affecting his conviction." *Id.* Accordingly, because appellant only challenges the appropriateness of the sentence he served to completion, and not his conviction or collateral consequences, we are unable to provide the relief he seeks and his appeal is moot.

**{¶7}** Appellant argues his appeal is not moot because the alleged sentencing error is capable of repetition, yet evading review.

> The "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

*Weinstein v. Bradford*, 423 U.S. 147, 148-149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *see also State ex rel. Beacon Journal Public Co. v. Donaldson*, 63 Ohio St.3d 173, 175, 586 N.E.2d 101 (1992).

**{¶8}** Here, appellant does not address either of these points, but instead contends that his appeal is not moot because "sentencing issues raised in appeals of fourth and fifth degree felonies are capable of repetition, yet evade review." *State v. Neville*, 7th Dist. Belmont No. 03 BE 68, 2004-Ohio-6840, ¶ 10, citing *State v. Fox*, 3d Dist. Wyandot No. 16-2000-17, 2001 Ohio App. LEXIS 795 (Mar. 6, 2001). *Neville* does not mandate that we address the merits of appellant's appeal solely because it involves a fourth-degree felony sentencing issue. In fact, the *Neville* court stated that "a court *may* decide the

issues raised where the issues are capable of repetition, yet evade review." *Neville* at ¶ 6, 10. (Emphasis added.)

{¶9} Because appellant has not evidenced how the "capable of repetition, yet evading review" standard announced in *Weinstein* applies to the facts of this case, we remain steadfast in maintaining that this appeal is moot. However, even if appellant were to argue that the imposition of a consecutive sentence here was too short in duration to be fully litigated prior to its expiration, he has failed to demonstrate a "reasonable expectation" that he will be subjected to the same action in the future. Thus, we conclude that appellant's assigned error is moot.

{¶10} Moreover, even if we were to address the merits of appellant's argument, we would find that the trial court did not err in imposing a consecutive sentence. R.C. 2929.41(A) provides in pertinent part:

> Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term or sentence of imprisonment imposed by a court of this state, another state, or the United States.

The statute clarifies that a presumption of concurrent sentences exists unless one of the many enumerated exceptions, such as R.C. 2929.41(B) or 2929.14(C), is met.

{¶11} As pertinent here, R.C. 2929.41(B)(2) states:

> If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison

term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States.

{¶12} Thus, R.C. 2929.14(B)(2) provides that an Ohio trial court may impose a consecutive prison sentence for a felony conviction when another state court has already imposed a prison term for a felony conviction. In this case, appellant had been convicted in New York state for grand larceny for stealing property whose value exceeded fifty thousand dollars, and was sentenced to an indefinite term of 3-to 9-years in prison.[1] Moreover, the record reflects that this court was aware that appellant was serving his sentence at a New York state correctional facility at the time of his sentencing. This information was contained within the presentence investigation report the trial court ordered and had at its disposal during the sentencing hearing. Because R.C. 2929.14(B)(2) was applicable to the facts of this case, the trial court was not required to make findings under R.C. 2929.14(C) in order to impose a consecutive sentence. Accordingly, the trial court did not err when it ordered appellant to serve his sentence in this state consecutively to the sentence he was currently serving in New York. However, appellant's assignment of error is moot because he completed his prison sentence.

{¶13} Case dismissed.

It is ordered that appellee recover of appellant costs herein taxed

The court finds there were reasonable grounds for this appeal.

---

[1]Grand larceny in the second degree, the applicable charge when the value of stolen property exceeds fifty thousand dollars, is a class C felony. N.Y. Pen. Law 155.40.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
MARY J. BOYLE, J., CONCUR