DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Lucas County Court of Common Pleas.
On May 20, 1999, appellant, Charles Braden, filed a personal injury action against appellee, Cherie Blevins. Appellant claimed he was injured in a 1994 automobile accident caused by appellee's negligence. On July 14, 2000, appellee filed a motion to dismiss the action on the basis of appellant's failure to obtain service on appellee within one year of filing the complaint.
On August 11, 2000, appellant filed a memorandum in opposition to appellee's motion to dismiss. In the motion, appellant explained that the instant complaint was actually a refiled complaint. The original complaint was filed and subsequently dismissed pursuant to Civ.R. 41(A). Appellant perfected service on the original complaint. Between the time the original complaint was dismissed and the instant complaint was filed, appellee moved. Appellant was then unable to perfect service of the instant complaint. He hired a private investigator to locate appellee but this effort was unsuccessful. Appellant then served copies of the complaint upon appellant's counsel and upon the adjuster representing appellant's liability carrier. Appellant argued that appellee's motion should be denied because of his diligence in attempting to locate appellee and because appellee was eventually located and served on August 7, 2000.
On August 16, 2000, appellee filed a reply to appellant's memorandum in opposition to defendant's motion to dismiss. Appellee contended that service of process on appellee's lawyer and the insurance adjuster had no effect, that there was no evidence that appellant employed the services of a private investigator, and that there was no evidence of "diligence" on appellant's part given the fact that he made any other attempt to find appellee after his first attempt at service by way of certified mail failed.
On August 22, 2000, appellant filed a surreply to appellee's motion to dismiss. Included was a sworn affidavit from appellant's counsel wherein counsel stated that after certified mail service failed, he performed numerous Internet searches in an attempt to ascertain a current address for appellee before a private investigator ultimately found appellee's address. Appellant further argued that the court should deny the motion to dismiss pursuant to the doctrine of estoppel. Specifically, appellant argued that appellee should be estopped from arguing there was a lack of service given the fact that appellee's counsel engaged in settlement negotiations with appellant's counsel up until filing the motion to dismiss at issue.
The trial court granted appellee's motion. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF BY DISMISSING THE COMPLAINT FOR FAILURE TO MAKE TIMELY SERVICE.
 "II. THE TRIAL COURT ERRED BY DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT."
Civ.R. 3 states that "[A] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Under Civ.R. 4(E), the trial court may dismiss a complaint as to a named defendant if the plaintiff has not perfected service of summons within six months of filing the complaint, unless the plaintiff shows good cause why service was not made. Pursuant to Civ.R. 4.1 and 4.4, service of summons may be accomplished by personal service, publication, residence service, or certified mail service.
It is undisputed that appellant did not perfect service of summons of appellee within six months of filing the complaint. In his first assignment of error, appellant contends that in using the Internet to look for appellee's current address, he showed good cause for failing to perfect service pursuant to Civ.R. 4(E). Appellant also contends that appellee should be estopped from filing a motion to dismiss given the fact that appellee's counsel continued to discuss the case with appellant's counsel even though service had not been perfected.
It is well settled that a trial court judge possesses inherent power to regulate court proceedings. State ex rel. Butler v. Demis (1981),66 Ohio St.2d 123, 128-129. "A ruling or order by the court affecting the conduct of trial will not be reversed unless the complaining party demonstrates a prejudicial abuse of discretion." Holm v. Smilowitz
(1992), 83 Ohio App.3d 757, 771-772. Appellant first alleged she diligently searched for appellee's address through the Internet in a surreply to appellee's motion to dismiss. However, the trial court refused to consider the surreply because there is no provision in the local court rules for such a motion. The court was within its discretion to disregard the surreply.
The record shows that appellant's first attempt at service through certified mail was unsuccessful. There is no other evidence of diligent efforts to perfect service such as regular mail or publication. The civil rules call for service on the named defendant. Plaintiff does not accomplish this by talking with the named defendant's representatives. Accordingly, the court did not err in granting appellee's motion to dismiss. Appellant's first assignment of error is found not well-taken. Given our disposition of appellant's first assignment of error, appellant's second assignment of error is rendered moot.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.,
 Peter M. Handwork, J., Mark L. Pietrykowski, P.J. CONCUR.