[Cite as *J.J. v. J.A.*, 2013-Ohio-5729.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

J. J.

     Appellee

     v.

J. A.

     Appellant

C.A. No.     26909

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR 2012 09 2711

DECISION AND JOURNAL ENTRY

Dated: December 26, 2013

BELFANCE, Judge.

{¶1}    J.A. appeals from the order of the Summit County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision to grant J.J. a civil protection order against J.A.  For the reasons set forth below, we reverse and remand for further proceedings.

I.

{¶2}    On September 12, 2012, J.J filed a petition for a Domestic Violence Civil Protection Order pursuant to R.C. 3113.31.  A temporary protection order was issued on September 13, 2012, and a hearing was set for September 24, 2012, before a magistrate.

{¶3}    At that hearing, J.J. testified and presented evidence in support of her petition for a protection order.  During J.A.'s cross-examination of J.J., the magistrate told J.A.'s counsel, "You have fourteen minutes."  The magistrate later told J.A.'s counsel that he had seven minutes and, when he completed his cross-examination, five minutes remaining.  After J.A.'s counsel

completed his cross-examination of J.J., he moved to dismiss the petition, which the magistrate indicated that she would take under advisement. The magistrate then indicated that the hearing was over, saying "I did start this like a little after ten. I want to say 10:30, 10:45, and I gave it more than enough time. It's now 12:00. * * * This is it. It just needs to be over with." J.A.'s counsel informed the magistrate that he wanted to put J.A. on the stand and call additional witnesses, but the magistrate told him, "Well[,] * * * in that particular instance a motion should have been filed to request more time. Whenever we set these down it's only ever for an hour unless there's a motion for more time." J.A.'s counsel orally moved for more time, and the magistrate denied the motion.

{¶4}   The magistrate issued a civil protection order, which was adopted by the trial court. J.A. filed several objections to the order, one of which was that his due process rights had been violated since he had not been permitted to put forth any evidence. The trial court overruled his objections, reasoning that the hearing was only scheduled for an hour, that the hearing lasted more than an hour, and that J.A.'s arguments and cross-examination of J.J. had taken up more than half of the pages in the transcript. The trial court also stated that "[f]ull evidentiary hearings on civil protection orders are scheduled for one hour unless either party requests additional time before the hearing."

{¶5}   J.A. has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW WHERE THE TRIAL COURT DID NOT PROVIDE THE APPELLANT WITH A FAIR AND FULL OPPORTUNITY TO RESPOND TO THE APPELLEE'S CLAIMS AND WHERE THE TRIAL COURT SET ARBITRARY TIME CONSTRAINTS ON THE CIVIL PROTECTION ORDER HEARING WITHOUT ANY PRIOR NOTIFICATION TO THE PARTIES, IN

VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION.

{¶6}  J.A. argues that his right to due process was violated because he was not permitted to present evidence.  We agree.

{¶7}  Because this case arose after July 1, 2012, it is governed by the provisions of newly-adopted Civ.R. 65.1.  "According to Civ.R. 65.1(F)(3), civil protection petitions may be referred to a magistrate for determination, but civil protection orders are not 'magistrate's order[s]' as contemplated by Civ.R. 53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders."  *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 5.  The trial court's review is limited, and a protection order is a final, appealable order that may be fully reviewed on appeal with or without objections being filed in the trial court.  *Id*.  Generally, we review a trial court's decision concerning objections from a magistrate's decision or order for an abuse of discretion.  *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5.  "In so doing, we consider the trial court's action with reference to the nature of the underlying matter."  *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

{¶8}  J.A. argues that the manner in which the magistrate conducted the evidentiary hearing violated his right to due process.  He points to the lack of prior notice regarding the existence of a limitation on the length of the hearing and the fact that he was unable to put on evidence in his defense.  "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case."  (Internal quotations and citations omitted.)  *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542 (1985).  "It is equally fundamental that the right to notice and an opportunity to be

heard must be granted at a meaningful time and in a meaningful manner." (Internal quotations and citations omitted.) *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). The right to a hearing includes the right to present evidence. *See Gonzales v. United States*, 348 U.S. 407, 414 (1955), fn. 5.

{¶9} "It is well settled that a trial court has broad discretion to control the proceedings to enable it to exercise its jurisdiction in an orderly and efficient manner." *Loewen v. Newsome*, 9th Dist. Summit Nos. 25559, 25579, 2012-Ohio-566, ¶ 15, citing *State ex rel. Butler v. Demis*, 66 Ohio St.2d 123, 128-129 (1981). "Nonetheless, the proceedings must be managed in a manner that fulfills the court's duty to promote the accuracy and fairness of the hearing." *Loewen* at ¶ 15. While it may be the custom of the Summit County Court of Common Pleas, Domestic Relations Division, to schedule civil protection order hearings for only one hour, it is unreasonable to expect the parties to request extra time absent prior notice that the hearing is limited in that manner, and no such notice was given in this case. Instead, the notice of the hearing merely indicated the time and the place that the hearing would start, giving no indication that the hearing would only last one hour. Nor does there appear to be a local rule that would have alerted J.A. to the standard time limitation for a civil protection order hearing.[1] *See* Loc.R. 15 of the Court of Common Pleas of Summit County, Domestic Relations Division.

{¶10} Ultimately, the issue in this case is balance, namely balancing the trial court's ability to maintain and control its docket with a party's right to due process. Courts have recognized that permitting one party to present its case while denying the other party that same right fails to achieve this balance. *See Loewen*, at ¶ 20-22; *In re T.H.*, 192 Ohio App.3d 201, 2011-Ohio-248, ¶ 38-42 (2d Dist.); *Cohen v. Cohen*, 5th Dist. Fairfield No. 99CA52, 2001 WL

---

[1] This Court's research has not uncovered any such rule, and neither the magistrate nor the trial court cite any such rule for support in their decisions.

61081, *2 (Jan. 22, 2001) (allotment of two and a half days for Father to present his case for custody while given Mother only half a day violated her right to due process). This is especially true when, as in this case, the party had no prior warning that the hearing would be of limited duration. *See Loewen* at ¶ 20 (ending hearing without warning); *In re T.H.* at ¶ 41 (informing Father at the beginning of the second day of the hearing that he had 1 hour and 15 minutes to complete his case). In rendering its decision, the trial court observed that J.A. was given the opportunity to cross-examine J.J. However, the problem here is that J.A.'s counsel was not aware from the outset that he was operating under a one-hour time restriction for the entire case. Furthermore, while the opportunity to cross-examine witnesses is an important aspect of due process, it is not a direct substitute for the opportunity to present evidence.

**{¶11}** J.A. did not have notice that the hearing would be of a limited duration. He was deprived of an opportunity to present his case once J.J. rested. Thus, under the facts of this case, it was unreasonable for the magistrate and the trial court to refuse to grant J.A. additional time to present his case, and, therefore, his right to due process was violated. *See Loudermill*, 470 U.S. at 542; *Fuentes*, 407 U.S. at 80; *Gonzales*, 348 U.S. at 414, fn. 5

**{¶12}** Accordingly, J.A.'s assignment of error is sustained.

III.

**{¶13}** In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, and remand for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

<br>

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

J. J., pro se, Appellee.